## John Casey v. The State.

### No. 4121.    Decided November 11, 1908.

**1.—Murder—Charge of Court—Manslaughter—Self-Defense.**

Where upon trial for murder the evidence showed an actual attack by the deceased upon the defendant just before the homicide, a charge of the court on manslaughter, which was based upon a state of facts of an actual attack which justified the defendant in acting in self-defense was reversible error.

**2.—Same—Charge of Court—Self-Defense.**

Where upon trial for murder the evidence justified the court in basing

a charge on self-defense on an actual attack by the deceased upon the defendant, there was no error.

### 3.—Same—Evidence—Confession—Defendant as a Witness.

Where upon trial for murder the defendant testified fully in regard to the facts of the case, and the case was one not alone based upon the statement or confession of the defendant, there was no error—the State having been permitted to introduce in evidence the defendant's statement through some of the witnesses as to how the transaction occurred—in the court's failure to charge that the State would be required to disprove the defendant's statement.

Appeal from the District Court of Titus. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. T. Wilkinson, R. E. Davenport, Templeton, Crosby & Dinsmore,* and *Ralston & Ward,* for appellant.—The charge of the court as above quoted limits the defendant's right to an attack that is a consummated attack, and the evidence above quoted shows that the attack was about to be made or was then being made. Rutherford v. State, 15 Texas Crim. App., 236; Johnson v. State, 22 Texas Crim. App., 206; Adams v. State, 11 Texas Ct. Rep., 696, on rehearing 698; Phipps v. State, 31 S. W. Rep., 397; Driver v. State, 65 S. W. Rep., 528; Glover v. State, 107 S. W. Rep., 854.

Where the evidence in support of the defense of self-defense tends to show that the deceased was preparing to make an attack on the defendant, it is error in instructing the jury to base the defendant's right of self-defense on the theory that the deceased had made an attack on him, as defendant did not have to wait until deceased had actually assaulted him. Phipps v. State, 31 S. W. Rep., 397; Nairn v. State, 45 S. W. Rep., 703; Terry v. State, 8 Texas Ct. Rep., 570; McLendon v. State, 4 Texas Ct. Rep., 69; Adams v. State, 11 Texas Ct. Rep., 695; Phipps v. State, 34 Texas Crim. App., 560; Curtis v. State, 59 S. W. Rep., 264; Stewart v. State, 40 Texas Crim. App., 651; Seely v. State, 63 S. W. Rep., 310; Brady v. State, 65 S. W. Rep., 522; Driver v. State, 65 S. W. Rep., 528; Glover v. State, 107 S. W. Rep., 854.

Upon question of necessity of a charge on defendant's confession, etc.: Jones v. State, 29 Texas Crim. App., 20; Pratt v. State, 96 S. W. Rep., 8.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at five years imprisonment in the penitentiary.

The record does not contain any bills of exception. The errors

assigned are directed against the charge of the court on manslaughter and self-defense.

1. In regard to manslaughter, the court charged as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant shot and thereby killed the said J. F. Harrison, but you further believe from the evidence, that at the time he did so, the deceased had made an attack on him with a knife, and you further believe from the evidence, beyond a reasonable doubt, that the defendant was not justified in so doing, on the ground of self-defense as this law is given to you in this charge hereafter, but you do believe that such attack on defendant would commonly have produced a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection, then you may find that such attack is adequate cause to reduce the homicide to the grade of manslaughter." Then follows a general charge under which the jury were instructed, that any condition or circumstance which, in their opinion, would commonly produce such degree of anger, rage, resentment, etc., might be adequate cause. We are of opinion that the charge is incorrect. The facts upon which this charge was predicated arise out of a difficulty occurring at the time of the homicide. Appellant was the owner of the premises at the time the homicide occurred, deceased being his tenant or renter. Without going into a statement of the conversation, appellant was standing in the door that led onto the gallery—perhaps just outside of the door on the gallery— deceased was sitting on the steps that led up from the ground onto the gallery. Deceased became sufficiently angered to arise from his seat, draw his knife and threaten to cut off the head of appellant, and turned around as if to start in the direction of appellant, who was, perhaps, some eight or ten feet away. Appellant reached up on the rack above the door, just on the inside, pulled down a gun and fired. Deceased ran out in the yard and died. This is substantially the evidence of the witness Hill as to the statements made to him by appellant shortly after the homicide. Appellant took the stand and testified that an angry altercation occurred between them; that deceased got up, opened his knife, and started at him, and he reached up and got the gun and deceased grabbed appellant's gun with his left hand, undertaking to cut him with the knife in his right hand; that he jerked loose and fired without taking aim, the shot resulting fatally; that deceased ran out in the yard, fell down and died. The evidence shows that there was considerable amount of blood on the steps, except perhaps the top step, and a few specks of blood on the gallery, and from the steps to where deceased fell there was quite a trail of blood. The wound evidently cut an artery from which the blood flowed very copiously. Under the charge quoted above and criticised by appellant, a conviction for manslaughter was authorized by reason of the actual

attack made by the deceased upon appellant. If deceased made any attack upon appellant at all, it was with a knife with a threat to kill. That was an actual attack and justified appellant in shooting, and he would not be guilty under the law of self-defense. Therefore, manslaughter could not be predicated upon that state of case, for in giving this charge on manslaughter, from the standpoint of an actual or real attack made by deceased with his knife, accompanied by a threat to kill, the court authorized the jury to convict of manslaughter on a state of case under which appellant was justified by law, and a verdict should have been returned in his favor of acquittal. This charge was evidently wrong in submitting manslaughter on an actual or real attack under the facts of the case. There is but one theory, as we understand this record, upon which manslaughter could be predicated, and that is when deceased got up, pulled his knife, and turned as if to go to appellant and appellant shot, he being in no real danger from the drawn knife of deceased—across the gallery eight or ten feet away from him. If this was the condition of things when appellant shot, there was no real danger. There was a threatened attack, which might have inflamed the mind of appellant beyond capacity for cool reflection, and under such circumstances, if he shot, it could constitute manslaughter. We are of opinion that the charge criticised is erroneous, based upon a state of facts upon which self-defense alone could be predicated. We, therefore, are of opinion that this charge is incorrect; first, in basing the charge upon a real attack, and, second, in placing appellant's case before the jury so that he might be convicted of manslaughter on a case of self-defense.

2. The charge on self-defense is criticised wherein the court informed the jury that if appellant killed Harrison, but at the time he did so Harrison had made an attack on him, which, from the manner and character of it, etc., created in his mind or caused him to believe that he had a reasonable expectation or fear of death or serious bodily injury, and acting under such reasonable expectation the defendant killed deceased, they should acquit him. We have sufficiently stated the facts as testified by appellant. Under his testimony it showed an actual attack, and the court, therefore, was not in error in submitting the theory of self-defense on the idea of an actual attack.

3. There were no eyewitnesses to the transaction who testified on the trial except appellant. The State, therefore, introduced appellant's statement through some of the witnesses as to how the transaction occurred. Had the case closed at this point, appellant's contention that the court should have informed the jury that the State would be required to disprove his statements in order to obtain a conviction, under the authority of Jones v. State, 29 Texas Crim. App., 20; Pratt v. State, 50 Texas Crim. Rep., 227; 96 S. W. Rep., 8, and Slade v. State, 29 Texas Crim. App., 381, would

be correct. For a full discussion of the matter, in addition to the cases cited, see Combs v. State, 52 Texas Crim. Rep., 613; 108 S. W. Rep., 649, and Pratt v. State, 53 Texas Crim. Rep., 281; 109 S. W. Rep., 138. However, this charge may not be necessary in this case inasmuch as the defendant took the stand in his own behalf and testified fully in regard to the facts of the case, and the case was not therefore one alone based upon defendant's confessions or statements. As the case is presented, therefore, we would not feel called upon to reverse the judgment for this omission in the charge.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*