### JOHN CASEY v. THE STATE.

#### No. 640.  Decided May 25, 1910.

**Murder—Charge of Court—Manslaughter.**

   Where, upon trial of murder, the evidence raised the issue of manslaughter, the court's failure to charge thereon was reversible error.

Appeal from the District Court of Titus. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case. See Casey v. State, 54 Texas Crim. Rep., 584.

*R. T. Wilkinson* and *Rolston & Ward* and *R. E. Davenport* and *Templeton, Craddock, Crosby & Dinsmore,* for appellant.—On ques-

tion of court's failure to charge on manslaughter: Casey v. State, 54 Texas Crim. Rep., 584, 113 S. W. Rep., 53; Bonner v. State, 29 Texas Crim. App., 223; Orman v. State, 24 Texas Crim. App., 495; Hawthorne v. State, 28 Texas Crim. App., 212; Cochran v. State, 28 Texas Crim. App., 422; Folks v. State, 58 S. W. Rep., 98; Franklin v. State, 30 Texas Crim. App., 628; Bonnard v. State, 25 Texas Crim. App., 173; Halliburton v. State, 32 Texas Crim. Rep., 51.

*John A. Mobley*, Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is the second appeal of this case. On the trial from which this appeal results appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a period of five years.

The opinion of the court on the first appeal will be found in Casey v. State, 54 Texas Crim. Rep., 584. On the trial from which that appeal resulted the court charged on manslaughter. In the opinion of the court by Judge Davidson it was distinctly held, under the facts of the case, that the issue of manslaughter arose. Of that we think there can be no doubt. On the last trial the court declined on substantially the same evidence to submit the issue of manslaughter at all, and of this complaint was made in the court below, and is here urged as ground for reversal. This contention must be sustained.

The other matters urged as grounds of reversal are, we think, without merit.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.