## CARTER DAVIS v. THE STATE.

### No. 8082.  Decided January 30, 1924.

**1.—Murder—Bills of Exception—Continuous Transaction—Res Gestae.**

Where, upon trial of murder, the bills of exception were directed against testimony of the acts and conduct of parties to the immediate transaction, held that what was said and done during any of that time of the transaction continuing and covering a space of but a few minutes during any of said time by defendant or any of the others would be res gestae of the transaction and admissible in evidence.

**2.—Same—Evidence—Malice.**

Testimony tending to show that appellant entertained malice toward his wife or toward her sister, both of whom were shot in the transaction involved in the instant killing was admissible; as also the fact that said sister had given witness an account against appellant, and also that appellant's wife had filed suit for divorce against him, and also the declaration of defendant with reference thereto.

**3.—Same—Evidence—Decree of Divorce—Husband and Wife.**

Testimony as to bullet holes in the house occupied by deceased which were around the door would not seem to be objectionable, and there was no error in the introduction of the decree of divorce between appellant and his wife, nor to her testimony after she was divorced.

**4.—Same—Evidence—Declarations and Acts of Defendant.**

There was no objection to the introduction of testimony that the witness saw appellant's wife and her sister out at the hospital after the shooting, nor to the acts and conduct of the appellant in the presence of his wife and her sisters, immediately preceding the beginning of the difficulty; all this was res gestae.

**5.—Same—Evidence—Bill of Exceptions.**

It is not enough to state that certain matters are objected to, and then set out the objections which were stated by the attorney to the court as being his objections.  The facts, settings, and surroundings must appear in the bill of exceptions.  Following Quintana v. State, 29 Texas Crim. App., 401.

Appeal from the District Court of Stephens.  Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of murder; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner,* for appellant.—On the question of admission of evidence: Strange v. State, 42 S. W. Rep., 551; Godwin v. State, 43 id., 336; Holley v. State, 46 id., 39; Hall v. State, 64 id., 248; Garrett v. State, 106 id., 389; Maclin v. State, 144 id., 959.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, and *E. L. Routh,* District Attorney, for the State.—On question of threats: Powerell v. State, 155 S. W. Rep., 231.

Upon question of wife's testimony: Cowser v. State, 157 S. W. Rep., 758; Curd v. State, 217 id., 1043.

On question of continuous transaction: Leeper v. State, 14 S. W. Rep., 398; Perea v. State, 227 id., 306; Sagua v. State, 248 id., 390.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Stephens County of murder, and his punishment fixed at thirty years in the penitentiary.

Appellant and his wife had separated and she had filed application for divorce. The woman was living with her mother and sisters in a little house adjacent to which was another house occupied by another sister and her husband. On the night of this homicide appellant came to the house occupied by his wife and engaged her in conversation relative to coming back to him. She refused to do it and he drew a pistol and shot her, and two of her sisters. The women fled and appellant followed them. They went into the nearby house and the sister who lived there came to the door and, according to the testimony of the State, appellant shot her in the head and killed her. This conviction is for the killing of the last woman mentioned.

This court has carefully read and considered each of the numerous bills of exception in this record. Many of them reflect objections made to acts and conduct of parties to the immediate transaction. As appears from the record and from the qualifications of the learned trial judge to some of the bills of exception, from the time appellant began shooting at his wife until his gun was finally emptied and the deceased in this case had been shot and killed by him, the transaction was continuous and covered a space of but a few minutes. In our opinion what was said and done during any of that time by appellant or any of the others would be res gestae of the transaction and, therefore, admissible.

We think it not incompetent for the State to prove that after the deceased was shot appellant's wife and her two sisters-in-law were carried to the hospital; nor that said women were shot in the same transaction which resulted in the homicide under investigation; nor that one of them, Lizzie Pool, was dead at the time of the trial; nor that Joe Sylver, the husband of the deceased in this case, was permitted to testify that he did not know just in what position a certain door was at the time deceased was shot; nor that immediately after the shooting of deceased said Sylver had returned from the

kitchen; nor that just after Sylver reached his wife, Lizzie Pool, another of the victims of the shooting, disappeared from the room.

Testimony tending to show that appellant entertained malice toward his wife or toward her sister Lizzie Pool, both of whom were shot in the transaction involved in the instant killing, was admissible, and the fact that a certain witness was permitted to testify that Lizzie Pool had given him an account against appellant which he was trying to collect and relative to which appellant made certain statements, was competent. As being admissible for substantially the same reasons, it was competent to prove that appellant's wife had filed suit for divorce against him, and to prove statements made by the appellant relative to his wife coming back to him, or what he would do to her, or what he would do to Lizzie Pool if she did not quit bothering him about the money that he owed her.

Testimony as to the bullet holes in the house occupied by deceased, which bullet holes were around the door, would not seem to be objectionable; nor do we regard the objection made to the introduction of the decree of divorce between appellant and his wife as sound. At the time of the shooting appellant was the husband of Cubie Davis, but when this trial was had she had been divorced and the introduction of the decree of divorce was made necessary by the objection to her becoming a witness. By said decree the bar to her testifying was removed and testimony as to the divorce was pertinent for the purpose of showing the competency of the witness.

We see no reasonable objection to the testimony of the witness that he saw appellant's wife and her sister out at the hospital after the shooting; nor to testimony as to the acts and conduct of the appellant in the presence of his wife and her sisters immediately preceding the beginning of the difficulty, same being res gestae of the transaction. Objection to a witness testifying that he knew Saphronia Cadge and that she was Caldwell's cook and a friend of Lizzie Pool, could not be upheld by us in the absence of a showing in the bill of exceptions of some fact or facts made the basis of the objection to the testimony. This leads us to call attention to the condition of a number of bills of exception in this record. It has always been the rule of this court that the errors complained of must be made to appear from the bills of exception themselves. In the comparatively early case of Quintana v. State, 29 Texas Crim. App., 401, this court, speaking through Judge Davidson, said:

"Another reason why the bill of exception should point out specifically the errors complained of is, to enable this court to ascertain what error was committed without having to examine other portions of the record. This is not done by a general exception. The bill must be so certain and full in its statements that the errors complained of are made to appear by the allegation of the bill itself."

96 T. C.—29

The rule is uniformly adhered to. It is not enough to state that certain matters are objected to and then set out the objections which were stated by the attorney to the court as being his objections. The facts, settings, surroundings and circumstances must appear in the bill from which this court might determine whether an error had in fact been committed and that it was prejudicial. Nothing of that kind appearing in any of the remaining bills of exception, the judgment will be affirmed.

*Affirmed.*