Tex.) FISHER v. STATE 301

toxicating liquor, and he appeals. Reversed and remanded.

Howard A. Carney, of Atlanta, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for possessing equipment for the manufacture of intoxicating liquor. Punishment is one year in the penitentiary.

When the state placed officers upon the witness stand and proposed to prove by them what they found in appellant's private residence as a result of a search, objection was interposed on the ground that the state had not shown that the officers had a valid search warrant. The district attorney then asked the witness if they had a search warrant, to which question the objection was made that the warrant was the best evidence. Upon further inquiry by the district attorney, still over objection, it developed that the officers did not have the warrant with them at the trial, but thought it was in the office of the justice of the peace. Without further effort on the part of the state to produce the warrant, or to show its loss and prove its regularity, the state was permitted to prove what was found by the officers in the residence, the evidence being criminative in its nature, over the objection that the state had failed to show that the witness had a valid search warrant.

We perceive nothing objectionable in the statement of the officer that they had a search warrant. This was proof only of the fact that they were in possession of a warrant. The real question is, having proved only that the officers had a search warrant, without any showing that it was regular on its face, had the state laid a sufficient predicate to permit evidence as to the result of the search? Our present statutes, notably articles 4a and 727a, C. C. P. (1925), place the receipt of evidence secured by search of a private residence somewhat on the same basis as the confession of the accused which is excluded by statute unless taken under certain conditions (article 727, 1925 C. C. P.), which requires a predicate to be laid by the state which prima facie shows that the formalities have been complied with before the confession becomes admissible. Upon the exact point now before us, we said in Chorn v. State (Tex. Cr. App.) 298 S. W. 290:

"There is much reason and authority for the claim that under our statute, where the state shows that the searching officer was possessed of a search warrant to search the premises of the accused for the purpose for which the search was made, which warrant purported to have been issued by competent authority and contained the recitals requisite to show compliance with the legal requirements, that evidence acquired as a result of the search would

be admissible unless its receipt was opposed, not only by objection, but by proof that the supporting affidavit was not in accord with the law. In other words, the magistrate having issued a warrant showing on its face to be in accord with the duty as a public officer, there would be a prima facie presumption of its validity. See Burtch v. Zuech, 200 Iowa, 49, 202 N. W. 542, 39 A. L. R. 1349; Cornelius on Search and Seizure, § 332, and authorities cited in note 84."

The Supreme Court of Kentucky, in Terrell v. Commonwealth, 196 Ky. 288, 244 S. W. 703, speaking upon the same subject, said:

"* * * If the search warrant is regular and sufficient in its terms and upon its face and is issued by an officer authorized by law to issue such writ, the same presumption respecting its validity must prevail that is required by law to be accorded any other process, civil or criminal, that is regular on its face. * * *"

See, also, Adams v. Commonwealth, 197 Ky. 235, 246 S. W. 788. In the absence of a showing that the warrant under which the officers assumed to act in the present case was regular on its face and contained recitals showing compliance with the legal requirements, the learned trial judge fell into error in admitting proof of the evidence complained of.

Appellant presents a further point that the evidence having disclosed that parties other than appellant's family occupied the house and premises jointly with him, the rule of circumstantial evidence was not met which requires it to exclude every reasonable hypothesis save the guilt of accused. It being necessary to reverse the judgment because of the error discussed, and because the evidence upon another trial may be different, we think it unnecessary to consider or pass upon the question last mentioned.

The judgment is reversed and the cause remanded.

---

## FISHER v. STATE. (No. 11042.)

Court of Criminal Appeals of Texas. Oct. 26, 1927.

Rehearing Denied Dec. 14, 1927.

1. **Intoxicating liquors** ⟜236(7)—**Evidence held to sustain conviction of possessing liquor for purpose of sale.**

Evidence *held* sufficient to sustain conviction of possession of intoxicating liquor for purpose of sale.

On Motion for Rehearing.

2. **Criminal law** ⟜1120(8)—**Unless evidence is obviously inadmissible, bill must state grounds of objection to invoke review (Code Cr. Proc. 1925, art. 667).**

Unless evidence is obviously inadmissible for any purpose, bill of exceptions complain-

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing of its receipt must state grounds of objection, and under Code Cr. Proc. 1925, art. 667, to invoke a review of trial court's action upon receipt or rejection of evidence; bill of exceptions is imperative.

**3. Criminal law ⬪⟿1091(10)—Bill of exceptions should show ruling, objection, and that error was committed.**

Bill of exceptions should show the ruling complained of, the objection made, and that error was committed.

**4. Criminal law ⬪⟿1091(4)—On complaint that search was made without valid warrant, bill failing to set out warrant is incomplete.**

When error complained of is that search was made without valid warrant, bill of exceptions is incomplete when it fails to set out warrant in substance or in detail.

**5. Criminal law ⬪⟿698(1), 1090(8)—Objection to evidence is waived, in absence of proper objection or motion to exclude and preservation of proper bill of exceptions.**

Objection to evidence may be waived, and is waived, unless proper objection is made or timely motion to exclude is presented and proper bill of exceptions preserved exhibiting ruling and complaint thereof.

Commissioners' Decision.

Appeal from District Court, Hale County; Charles Clements, Judge.

Buddie Fisher was convicted of possessing intoxicating liquor for purpose of sale, and he appeals. Affirmed.

Marshall & Stewart, of Lubbock, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is possession for the purpose of sale of spirituous, vinous, and malt liquors containing in excess of one per cent. of alcohol by volume; the punishment confinement in the penitentiary for two years.

[1] Operating under a search warrant, an officer discovered under the floor of appellant's residence between 50 and 55 gallons of "chock" beer. Appellant was present at the time the search was made. Two or three days before the search, the officer saw drunk people around appellant's premises. The officer testified that on or about the time of the search it was a frequent occurrence to see drunk people around the premises in appellant's presence. An analysis of the "chock" beer disclosed that it contained 6.5 per cent. of alcohol by volume, and the testimony discloses that it was a spirituous liquid.

Appellant brings forward five bills of exception, wherein it is contended that the trial court erred in admitting certain testimony over his objection. An examination of these bills discloses that they are insufficient to manifest error.

It appearing that the evidence is sufficient to sustain the verdict of the jury and judgment rendered thereon, the judgment of the trial court is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Appellant insists that his premises were searched without a valid warrant and that this appears from the statement of facts. Neither the warrant nor the affidavit upon which it is based is set out in any of the bills of exceptions, nor is there specific reference thereto in either of the several bills.

From bill No. 1 we quote:

" * * * The state was permitted to introduce in evidence the testimony and statement of G. R. Sturdivant, deputy sheriff, over defendant's objection, 'that he went to the home of the defendant and found between 50 and 55 gallons of "chock"; and that he knew whether the "chock" was intoxicating, and permitted said witness to state that said "chock" beer was intoxicating'—to all of which defendant then and there in open court excepted, and here and now tenders this his bill of exception No. 1, and asks that same be approved and ordered filed as part of the record in this case, which is so ordered, with the following qualifications: * * * The court could not know whether the objection to this testimony was, there was no grounds for said objection stated."

Bill No. 2 is to this effect: The state was permitted to prove by the witness G. R. Sturdivant, over the objections of defendant, to testify as follows:

"I have seen fellows drunk around that place. I have seen them go in there and come out drunk. The defendant was there. It was a day or two before the raid."

Bill No. 3 makes no reference to a search warrant or complaint of the search, but deals with the testimony of the witness that the appellant had been making "chock." This the court regarded as admissible upon the issue of intent.

Bill No. 4 complains of the testimony of a witness to the effect that "chock beer" was a spirituous liquor.

Bill No. 5 is a complaint of the receipt of testimony that the liquor found upon the appellant's premises was spirituous liquor.

Bill No. 6 complains of the testimony to the effect that before the premises were searched the witness had observed that it was frequented by people who were drunk.

In none of these bills does it appear that there was any objection made to the receipt of the testimony upon that ground that the search warrant under which the appellant's

⬪⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

premises were searched was invalid. In fact, they are all silent touching the subject of a search warrant.

[2-5] It is the function of this court to determine whether, in receiving the evidence over the objection made, the trial court was in error, and unless the evidence is obviously inadmissible for any purpose, the bill complaining of its receipt must state the ground of objection. In all cases to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exceptions is imperative. This is statutory. See article 667, C. C. P. 1925; Hays v. State, 94 Tex. Cr. R. 498, 252 S. W. 521; Davis v. State, 96 Tex. Cr. R. 447, 258 S. W. 188; Belcher v. State, 96 Tex. Cr. R. 561, 258 S. W. 815; Welk v. State, 96 Tex. Cr. R. 653, 260 S. W. 1118. The bill should show the ruling complained of, the objection made, and that error was committed. See Wear v. State (Tex. Cr. App.) 283 S. W. 811; Murff v. State, 103 Tex. Cr. R. 617, 281 S. W. 1076; and other cases collated in Vernon's Tex. C. C. P. 1925, vol. 2, art. 667, note 3. When the error complained of is that the search was made without a valid warrant, the bill of exceptions is incomplete when it fails to set out the warrant in substance or in detail. See Cornelius on Search and Seizure, § 247, p. 465; Henderson v. State (No. 11178) 1 S. W. (2d) 300, not yet (officially) reported. The objection to the evidence may be waived, and is waived, unless proper objection is made or timely motion to exclude is presented, and proper bill of exceptions preserved exhibiting the ruling and the complaint thereof.

The bills complaining of the rulings on other matters show no error and require no further discussion.

The motion is overruled.