SAM HYDE, ALIAS RED HYDE, V. THE STATE.

No. 15885. Delivered March 22, 1933.
Reported in 58 S. W. (2d) 533.

The opinion states the case.

*R. Lee Davis,* of Orange, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Notwithstanding the record is before us without a statement of facts or bills of exception, appellant insists that certain errors were committed by the trial court which should work a reversal of the judgment. It is urged that the motion for a new trial, which was controverted by the state, manifests an erroneous ruling by the trial judge in admitting testimony touching the result of a search for intoxicating liquor, and, further, that the record reveals that the indictment was returned upon illegal testimony.

We have no way of determining whether the search was illegal. Appellant's motion for a new trial constitutes a mere pleading. In all cases, to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exception is imperative. This is statutory. Fisher v. State, 1 S. W. (2d) 301. The objection to the evidence may be waived, and is waived, unless proper objection is made or timely motion to exclude is presented, and proper bill of exception preserved exhibiting the ruling and the complaint thereof. Fisher v. State, supra.

Touching the attack on the indictment, we quote from Branch's Annotated Penal Code, sec. 484, as follows: "The courts will not go behind the action of the grand jury to inquire as to what evidence they had or did not have before them when considering whether or not they would present an indictment."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.