## L. C. SKINNER V. THE STATE.

No. 19569.   Delivered March 30, 1938.
Rehearing denied May 18, 1938.

Appeal from conviction for violating the local option law; penalty, fine of $100 and ninety days in jail.

The opinion states the case.

*Percy Woodard,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of violating the local option law, and fined $100.00 and sentenced to ninety days in jail.

There are but two bills of exception in the record. One of the bills complains of the court's refusal to charge that it was the duty of the State to establish beyond a reasonable doubt the falsity of a statement appearing in the confession of the appellant relative to possession of certain whisky, as follows: "I don't know who brought that whisky there," before that part of the statement can be used for any purpose. As we understand this case, the appellant is not charged with the transportation of whisky, but merely with its possession for the purpose of sale, and we can see no reason why the State should ever care to use that part of the statement at all. In fact we see very little, if any, pertinency to such statement, but if such there be, we note that the appellant took the stand and testified to the same

thing, and Mr. BRANCH says, on page 45 of his Ann. P. C., "Where defendant takes the stand and testifies fully in regard to the facts of the case, it is not reversible error to fail to charge that his confession, offered by the State, must be disproved as to exculpatory statements," citing Casey v. State, 54 Texas Crim. Rep. 587, 113 S. W. 534; Roberts v. State, 141 S. W. 235.

The remaining bill of exceptions complains of the county attorney's argument before the jury in which he advanced the above outlined proposition of law. If we are correct in disposing of such so-called exculpatory statement, then the county attorney was also correct in so arguing to the jury. We still adhere to such ruling, and find no error in such argument.

The judgment is therefore affirmed.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant insists that the evidence is insufficient to support the conviction.

The complaint and information embrace averments showing that the sale of intoxicating liquor has been prohibited in Harrison County, and further, that on the 21st of June, 1937, the appellant possessed whisky in said county for the purpose of sale. On the date mentioned officers searched the appellant's place of business and found therein about seven quarts of whisky. We quote from one of the officers as follows: "He [appellant] runs what is known as Skinner's Cafe. Yes, sir, his place of business was open to the general public. Yes, sir, there had been some men drinking there because there were glasses sitting on the table that had had whisky in them. The glasses had been used for the purpose of drinking whisky."

Appellant was not present when the search was made. He was later arrested at his home. After his arrest the appellant made a voluntary statement to the effect that the whisky in possession belonged to him. From the confession we quote: "That was whisky. It was moonshine whisky, not tax paid. It was found by the officers in my possession. I don't know who brought the whisky there but I will say it was my whisky."

Under the statute, proof of the possession of more than a quart of whisky in a dry area is prima facie evidence of possession for the purpose of sale. Under the circumstances reflected by the record, we would not be warranted in disturbing the verdict of the jury.

The motion for rehearing is overruled.