ROSE LINDSEY V. THE STATE.

No. 22643. Delivered December 15, 1943.

The opinion states the case.

*T. H. Jackson,* of Hillsboro, and *A. E. Harding, W. E. Myres,* and *C. T. Groce,* all of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Ausin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

The record discloses that George Oliver, the deceased, spent the night of April 23, 1942, at the home of the appellant and her nephew, Fay Clark; that on the following day, sometime before noon, appellant called to her neighbor, Will Thomas, to come to her home. Thomas complied with her request, and upon his arrival she said to him: "There's a damn half-dead man in here; he tried to run over me and Fay knocked hell out of him; Fay ain't going to let nobody run over me. I want you to take him to a doctor. I think he is hurt bad." Thomas, with the assistance of D. J. James, carried the injured man to a physician for treatment. They then brought him back to the home of the appellant, and from there he was carried to Hillsboro, where he died two days later.

No weapon of any kind or character was found on the person of Oliver or on the floor where he lay unconscious at the time that Thomas and James picked him up:

Mr. Satterfield, the constable, who had heard of the occurrence, went to the home of the appellant for the purpose of making an investigation of what had happened and how it had occurred. Appellant told him that she could not get the injured man out of her house; that she knocked him in the head with a plank which she delivered to the officer.

Fay Clark testified for the State that he had made a written confession in which he stated that he struck the deceased with an ax, but that this was not true; that he assumed the responsibility and made the confession at the solicitation and behest of the appellant, her daughter, Cora Taylor, and her son-in-law, Henry Taylor; that appellant told him there would be nothing to it but a short jail sentence; that she was getting old and they hated to see her go to jail; that on Saturday morning following the occurrence he agreed to take the responsibility for the act; that the written statement which he made to the District Attorney concerning the affair and his connection therewith was false; that in truth and in fact he did not hit George Oliver, the deceased.

Appellant took the witness stand and testified in her own behalf. She denied that she struck Oliver and inflicted the injury upon him which resulted in his death .She said that Fay Clark struck Oliver with an ax. She denied that she told anyone that if Clark would assume the responsibility she would help him out of the trouble. She admitted, however, that she told Satterfield that she had knocked the deceased in the head with a plank.

It will be observed from the foregoing statement of the facts adduced upon the trial that two theories are presented by the testimony: That of the State was that appellant killed the deceased, while that of the appellant was that Fay Clark killed him. This issue was submitted to the jury who decided it adversely to the appellant.

The record before us discloses that the trial court declined to approve appellant's Bill of Exception No. 1, but in lieu thereof filed his own bill. We do not deem it necessary to discuss this bill inasmuch as the matter complained of therein may not arise in the same way upon another trial.

By Bill of Exception No. 2 appellant complains because the District Attorney, over her objection, was permitted to cross-examine Cora Taylor, who had theretofore testified on direct

examination that she went to the house where the deceased was "hit"; that she saw Fay Clark there; that she had a conversation with him in which he stated that he struck the deceased with an ax; that after this conversation with Clark she went immediately in search of the constable, Mr. Satterfield, and told him that Clark had stated to her that he was the one who hit the deceased with an ax. The District Attorney, in his cross-examination of the witness, inquired of her if Satterfield (the constable) arrested Clark after she had told him what Clark had told her. Appellant objected to this cross-examination on the ground that it was an attempt to get before the jury the opinion and conclusion of the constable that Clark was not guilty of striking the deceased; that the same was hurtful and prejudicial. The court qualified this bill with the statement that the District Attorney inquired of the witness if she did not know that after she informed the constable of her conversation with Fay Clark that he (the constable) failed to arrest him; that later on Satterfield was called to the witness stand and upon direct examination by the District Attorney testified that Cora Taylor had not told him on Friday morning that Fay Clark was the man who hit the deceased and that Cora Taylor made no such statement to him. The bill, as thus qualified, in our opinion, fails to reflect any error. It occurs to us that if the witness had told the constable that Fay Clark said he struck the deceased with an ax, the constable most likely would have arrested Clark; that his failure to do so tended to corroborate the constable that she made no such statement to him.

By Bill of Exception No. 4 appellant complains because the court declined to instruct the jury that the testimony of the State's witness, Delia Dansby, was admitted for the purpose of impeaching Cora Taylor and that they could consider her testimony only for impeachment purposes, if it did impeach her, and for no other purpose. There was no need for such an instruction because the testimony could not have been utilized by the jury for any other purpose. See 22 Tex. Jur. p. 946, sec. 254; Roberts v. State, 74 Tex. Cr. R. 150; Watson v. State, 52 Tex. Cr. R. 85, and cases cited.

Appellant also complains because the court failed and refused to instruct the jury relative to the law of exculpatory statements. There was no necessity for an instruction on the subject because the defendant took the witness stand and testified to substantially every material fact contained in her voluntary statement seeking to exculpate herself. See Skinner v. State, 134 Tex. Cr. R. 559; Houston v. State, 158 S. W. (2d) 1004

(1009) ; and cases cited. We desire to further state that where the defendant testifies and his testimony corresponds to the exculpatory statement introduced in evidence by the State and the defensive issue arising from his testimony is fairly submitted to the jury, the trial court is not required to give any instruction regarding the effect of the exculpatory statement introduced by the State. See Otts v. State, 135 Tex. Cr. R. 28. In the instant case, the court instructed the jury that if they believed from the evidence that Fay Clark struck the blow that killed George Oliver, then in such event, they should find the defendant not guilty; or if they had a reasonable doubt as to whether the defendant struck the blow that caused the death of George Oliver, they should then find the defendant not guilty. This was an instruction upon the law relative to the issue raised by her evidence as well as her exculpatory statement..

Appellant, in due time, objected to the court's charge on the ground that it failed to instruct the jury that Fay Clark was an accomplice witness as a matter of law inasmuch as he was then under indictment charged with the same offense as that for which the defendant was on trial. The court declined to heed the objection, failed to amend his charge, and to give a proper instruction to the effect that the witness was an accomplice and required to be corroborated before they could convict on his testimony. The trial court's failure to respond to the objection was error which necessitates a reversal of the judgment. In support of what we have said here, we refer to the following cases; Stiles v. State, 89 Tex. Cr. R. 603; Grissman v. State, 93 Tex. Cr. R. 15; Miller v. State, 97 Tex. Cr. R. 637; Lowe v. State, 98 Tex. Cr. R. 501. Many other cases might be cited.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.