# JANUARY 30, 1946

FELIX CHAPA v. THE STATE.

No. 23248. Delivered December 12, 1945.
Rehearing Denied January 30, 1946.

116

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a murder case with punishment fixed at twenty-five years in the penitentiary.

The issues presented for determination render unnecessary an extended statement of the facts.

There was no witness to the killing other than the appellant. It occurred at night.

Appellant admitted the killing and by his testimony claimed that he acted in self-defense from the actual, as well as apparent, attack of the deceased. In support of that defensive theory he testified that deceased made an attack on him with a pistol; that he took the pistol away from the deceased and that, notwithstanding this, deceased renewed the attack, and the killing resulted. Appellant claimed that when he fired the fatal shot, deceased was advancing upon him while in an erect or standing position.

Following the shooting, appellant surrendered to a policeman, stating that he had just killed deceased and, upon being asked "What happened?", replied that deceased was trying to shoot him and that he took deceased's gun away from him and shot him with it. This exculpatory statement was placed in evi-

dence by the State during its examination in chief of the policeman.

It was the theory of the State that the motive for the killing was revenge for the shooting of appellant's brother by deceased about nine years prior. The wife of the deceased denied that the pistol with which appellant claimed to have shot deceased and which he delivered to the policeman was that of the deceased.

To combat the theory of the appellant that he shot deceased while he was in a standing or erect position, the State relied upon the wounds on the body, as also the bullet holes in the coat worn by deceased at the time. There was a flesh wound in the right elbow of deceased which was not serious. The fatal wound was made by a bullet entering just above the nipple of the left breast and emerging at the base of the neck on the same side.

It was the State's contention that the point of entry and exit of the bullet showed it traveled at an angle through the body, evidencing the fact that the shot was fired while deceased was in a prone position and not while erect or standing, as asserted by the appellant. The State also contended that the coat of the deceased which he was wearing at the time further supported its theory, because the holes therein showed that the bullet entered first through the left coat lapel, passing through the left coat front into the body of the deceased, emerging at the base of the neck and passing through the coat collar and the lapped part thereof—all of which holes, the State contended, showed that the bullet was fired and traveled at an angle.

The appellant objected to the introduction of the coat and contends that such was immaterial and prejudicial and calculated to inflame the minds of the jury against him.

The record does not reflect that there was blood upon the coat. The inference is that there was not.

Ordinarily, articles of clothing worn by the deceased in a murder case are not admissible, having a tendency to inflame the minds of the jury. However, when such articles of clothing tend to solve or elucidate some disputed issue in the case, they are admissible. Authorities attesting the rule are numerous. See 18 Tex. Jur., p. 339, sec. 210.

Under the facts heretofore set forth, it is apparent that the bullet holes in the coat tended to solve the disputed issue as to the position of deceased when the fatal shot was fired and was, therefore, admissible in evidence.

While it is true that the wounds upon the body, described by the undertaker, tended also to solve that issue and there was no denial thereof from the appellant, such fact would not prevent the State from further establishing its contention by the introduction in evidence of the coat. Trigg v. State, 99 Tex. Cr. Rep. 376, 269 S. W. 782.

Upon cross-examination, appellant testified that in 1940 or 1941 he was convicted of a felony in the State of New Mexico. This testimony was objected to, among other things, because the appellant had not placed his reputation in issue. The testimony, not being remote, was admissible as going to the credibility of the appellant as a witness. Branch's P. C., sec. 167.

Appellant having testified in accordance with the exculpatory statement to the policeman and the defensive theory presented thereby having been fully and fairly submitted to the jury, the trial court was not required to charge the jury that the exculpatory statement was to be regarded as true until disproven by the State, 24 Tex. Jur., p. 598, Sec. 109. Skinner v. State, 134 Tex. Cr. R. 559, 116 S. W. (2d) 710; Otts v. State, 135 Tex. Cr. R. 28, 116 S. W. (2d) 1084; Houston v. State, 143 Tex. Cr. R. 460, 158 S. W. (2d) 1004; Lindsey v. State, 146 Tex. Cr. R. 459, 176 S. W. (2d) 192.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's motion for rehearing is based on the renewed contention that the trial court committed error in admitting in evidence the coat worn by deceased at the time of the killing.

The earnestness of counsel in urging such claimed error on submission of the motion for rehearing has caused us to again

review not only the bill of exception bringing the question before us, but the entire statement of facts as well. It occurs to us that Trigg v. State, 99 Tex. Cr. R. 376, 269 S. W. 782, is decisive of the point under consideration. To write further regarding the matter would be but repetitious of what was said in our original opinion.

Still entertaining the view that no error was committed under the circumstances here present, the motion for rehearing is overruled.