ALBERT TREADWAY V. THE STATE.

No. 23551. Delivered February 5, 1947.
Rehearing Denied (Without Written Opinion) March 26, 1947.

*G. C. Harris,* of Greenville, for appellant.

*Edgar Hutchins,* County Attorney, and *T. D. Starnes,* Assistant County Attorney, both of Greenville, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is unlawful possession of whiskey in a dry area. The punishment assessed is a fine of $2,000.00.

Appellant challenges the sufficiency of the evidence to sustain his conviction. It appears from the record that on the 9th day of April, 1946, as appellant was in the act of entering his place of business located in Greenville, Texas, he was approached by B. F. Clarkson, a liquor control agent, who inquired of him what he had, to which appellant replied, "I haven't got but just two pints of whiskey." Clarkson then informed him that he, Clarkson, would have to take the whiskey to which appellant replied, "Don't take the whiskey please because I have it for my own use." But, nothwithstanding the appellant's request, Clarkson took it and it was introduced in evidence on trial in this case. It appears from the allegations in the complaint and information, as well as from the statement of facts, that the appellant had theretofore been convicted of like offenses. The sufficiency of the evidence is challenged on the ground that the falsity of the exculpatory statement introduced by the State was not shown. While it is true that when the State introduced a confession and admission from the accused containing exculpatory statements, it is ordinarily incumbent upon the court to instruct the jury that the exculpatory statements are regarded as true unless disproved. 24 Tex. Jur. 598, Pharr v. State, 7 Tex. App. 472 (478), Forrester v. State, 93 Tex. Cr. R. 415, 248 S. W. 40. However, the rule is not applicable in all cases. For example, the rule has been relaxed in cases where the accused on trial testified before the jury and his testimony is in accord with the exculpatory feature of his statement, and his defensive theory arises from his testimony and coincides with his exculpatory theory which is fairly submitted to the jury in the charge of the court. See Tex. Jur., supra, McKinley v. State, 104 Tex. Cr. R. 65.

In the instant case, the appellant testified to substantially the same facts as contained in his exculpatory statement and

the court fairly submitted his defensive theory which coincided with the exculpatory statement. Consequently, appellant has no just grounds of complaint under the authorities above stated.

The question is also discussed by Judge Hawkins on a motion for rehearing in the case of Otts v. State, 135 Tex. Cr. R. 28, in fact, 31.

Appellant's next complaint relates to the court's action in overruling his application for a continuance based on the absence of Sewell Treadway.

This bill is qualified by the court who states in his qualification that appellant informed the court that he desired the presence of Sewell Treadway as a witness; that he had not applied for process to said witness because he had an understanding with the witness to come when requested. Thereupon, the court postponed the trial in order that the appellant might secure the attendance of said witness. That appellant left the court room but in a short time returned and informed the court that he did not wish to trouble said witness; that he was ready for trial. The bill, as qualified, was accepted by appellant and, as so qualified, fails to reflect any error.

Bills of Exception Nos. 2 and 3 complain of the insufficiency of the evidence to warrant and sustain his conviction. We have examined the record and are of the opinion that the evidence is sufficient as a basis for the jury's conclusion of appellant's guilt.

Bills of Exception Nos. 4 and 5 complain of the introduction of certain evidence. These bills are also qualified by the court who states in his qualification thereof that no objection was interposed by appellant at the time the evidence was introduced. The bills, as qualified, were accepted by appellant and he is bound thereby. See Art. 667 Vernon's Ann. C. C. P. p. 563, note 37 where many authorities are cited. The bills, as qualified, fail to reflect any error.

By Bills of Exception Nos. 6 and 7, he complains of the charge of the court. These bills are also qualified by the court who states that no objections were urged to the charge by appellant and we find no written objections to the court's charge in the record. The bills, so qualified, fail to reflect any error. All objections to the court's charge must be made in due time. See Art. 658, C. C. P.

No error being reflected by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.