CLEO NEIL GIBSON V. STATE

No. 27,928. January 4, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion)
February 8, 1956.

474

*Coleman Cline,* Ft. Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Grady Hight, Eugne D. Bittle,* and *Conard Florence,* Assistants Criminal District Attorney, all of Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 10 years.

As the deceased and his wife, in company with Eddie Mae Tillman and her companion, left the Hollywood Inn at midnight, they encountered the appellant, her companion Cash and two other men. It would appear that none of the parties knew each other prior to this encounter. There is a conflict in the evidence as to what thereafter transpired.

The appellant's confession and the testimony of seven eye witnesses for the state, three of whom were th appellant's companions of the evening are in substantial accord. Eddie Mae Tillman stated that Cash accosted her, and she told him that he had made a mistake because she did not know him; that the appellant walked up to her and said, "You bitch, I don't like you anyway," and began to assault her with a knife. Tillman stated that the deceased interceded in an effort to get her away from the appellant, and the appellant stated to the deceased, "You s. o. b.; I'll give you some of it;" that she and the deceased fell on the slick street, and before they could get up the appellant stabbed the deceased five or six times, from which he died.

The appellant offered no eye witnesses in her own behalf but testified that the confession was not an accurate account of what transpired. She stated that after her arrest she had been given a blank piece of paper and told to sign it and she would be permitted to see her sister. She stated that she, Tillman, and the deceased were alone at the time of the encounter, that both Tillman and the deceased had knives and were attacking her when she hit out blindly with her knife.

The state offered evidence rebutting her testimony as to the confession. The jury resolved the conflict in the evidence, and we find the same amply sufficient to support their verdict.

We shall discuss the bills of exception in the order advanced in appellant's brief.

Bill of Exception No. 3 relates to argument in which the prosecutor said, "Gentlemen of the jury, go out there and give her seventy-five years in the penitentiary and give her a chance to grow up." The bill reflects that the trial court promptly instructed the jury not to consider such argument.

Appellant cites two cases in support of this bill. We note that both of such cases were affirmed by this court.

We perceive no reversible error in this bill.

Bill of Exception No. 2 complains of the admission into evidence of the coat worn by the deceased at the time he was killed. The court qualified the bill and refused to certify that the portion of the coat viewed by the jury showed any blood.

An examination of the record reveals that the coat was so folded that only the back was visible to the jury, and the state was permitted to show that the coat had two holes in the back. The appellant had emphatically denied that she struck the deceased in the back.

In Garza v. State, 159 Tex. Cr. Rep. 105, 261 S. W. 2d 575, and Chapa v. State, 149 Tex. Cr. Rep. 115, 191 S. W. 2d 729, we upheld the admission into evidence of coats worn by the deceased where they shed light upon the manner in which the injuries were inflicted.

Finding no reversible error, the judgment of the trial court is affirmed.