Quinby C. **HENDRICKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47826.

Court of Criminal Appeals of Texas.

April 24, 1974.

Rehearing Denied May 15, 1974.

---

**634**

Joe J. Newman, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Charles Cate, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder without malice. The jury assessed the punishment at five years.

Preston Hicks, Sally Prudence Hicks and the appellant were jointly indicted for the murder of Thomas Wootton.

The main contention of the appellant is that the court erred in refusing to charge that Preston Hicks, a co-indictee who testified for the State, was an accomplice witness as a matter of law. We agree and reverse.

Prior to the shooting of the deceased by Preston Hicks, there had been some arguments between Hicks and the appellant who were on one side, and a group including Tommy Wootton and Jim Barham. Hicks testified that he and the appellant had been threatened. He also related that appellant said the two were going to the A.B.J. Lounge to get their "business straight." This meant whatever action or force that was necessary, which included killing, to get it straight. He testified that the appellant was armed with a "three-eighty automatic" and he (Hicks) was

armed with a shotgun when they went to the lounge. When they arrived at the lounge, Hicks asked the group present about the threat. According to Hicks, Wootton appeared to be reaching for a pistol. Hicks then ran toward Wootton with the shotgun raised to strike him against the head when the gun accidentally discharged and hit him. Some of the other group fired and appellant returned the fire. Hicks also fired the shotgun after hitting Wootton.

The State answers the appellant's contention that the court should have instructed the jury that Hicks was an accomplice witness as a matter of law by urging that his testimony showed an accident and did not incriminate appellant.

It is to be noted that Hicks gave damaging testimony against appellant when he testified about getting their business straight which included killing, if necessary, and that the two went armed to the place of the homicide.

When one is a co-indictee and testifies for the State against an accused, he is an accomplice witness as a matter of law.

The trial court's failure to respond to the objection was error and necessitates a reversal of the judgment. See Lindsey v. State, 146 Tex.Cr.R. 459, 176 S.W.2d 192, and Herrera v. State, 115 Tex.Cr.R. 526, 27 S.W.2d 211.

Much of the incriminating testimony of Hicks was not covered by other witnesses. Even if there be sufficient evidence without the testimony of Hicks, we cannot conclude that the error in the charge was harmless. Cf. Allen v. State, Tex.Cr.App., 461 S.W.2d 622, and Gonzales v. State, Tex.Cr.App., 441 S.W.2d 539.

The judgment of conviction is reversed and the cause is remanded.