**Collie C. CREEK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50964.**

Court of Criminal Appeals of Texas.

Feb. 25, 1976.

Aubrey L. Roberts, Jr., Sweetwater, for appellant.

Gary R. Price, Dist. Atty., Brownwood, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for theft. Punishment was assessed by the jury at two years.

The indictment alleged that the offense occurred on or about March 29, 1972, and the record reflects that trial was in September, 1974.

Appellant contends that the court erred "in failing in its charge to the jury, to apply the law of accomplice testimony to the facts in evidence."

The record reflects that the court charged the jury abstractly relative to the law governing testimony of an accomplice witness, the pertinent part of the charge reading:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed and the corroboration is not sufficient if it merely shows the commission of the offense."

Appellant by timely objection to the court's charge complained of the court's failure to instruct the jury that Terry Goza was an accomplice witness.

 Goza, a co-indictee who had been tried, convicted and had served his time, testified for the State. When one is a co-indictee and testifies for the State against an accused, he is an accomplice witness as a matter of law. *Hendricks v. State,* Tex.Cr.App., 508 S.W.2d 633. It was error for the court to fail to instruct the jury that Goza was an accomplice as a matter of law. *Bentley v. State,* Tex.Cr. App., 520 S.W.2d 390. The State concedes that Goza was an accomplice as a matter of law but urges that if the court failed to properly instruct on the law of accomplice witness the error is harmless where the evidence clearly warranted a conviction independently of the accomplice's testimony.

The abstract charge given by the court did not serve to instruct the jury that Goza was an accomplice as a matter of law. In light of the argument advanced by the State, we review the evidence.

The accomplice witness Goza testified that on the date in question he and appellant went to a utility right of way near the Goldbusk community in Coleman County. Goza climbed the poles and cut copper wire therefrom which he and appellant rolled and placed in their car. Goza and appellant drove to Sweetwater where they sold what was determined to be about 758 pounds of copper wire to one Leroy Sells for thirty-seven cents a pound. The money from the sale of the wire was split between Goza and appellant.

Wayne Farley, who lived eight miles south of Goldbusk, testified that on the date in question he observed a Ford Thunderbird with license plates "DHT996" parked on a dirt road 100–150 yards east of his mailbox.

L. R. Sells testified that he was in the business of buying scrap iron and metal in Sweetwater and that on March 30, 1972, he purchased rolls of copper wire from appellant and Goza.

A sales ticket reflected Sells had purchased "number one copper, 758 pounds, $280.46." The sales ticket showed the license number "DHT996" and a signature "Jim Carver." Sells stated that the number on the ticket was the license number of the vehicle containing the wire and that appellant and Goza were in a Thunderbird automobile. According to Sells, the person he bought the copper wire from signed the name "Jim Carver" on the ticket. Other testimony of Sells indicated the details of the transaction were carried on between appellant and Sells.

In *Hendricks v. State,* supra, it was contended that the trial court erred in failing to charge that a co-indictee, who testified for the State, was an accomplice witness as a matter of law. In *Hendricks,* it was stated:

"It is to be noted that Hicks [accomplice witness] gave damaging testimony against appellant when he testified about getting their business straight which included killing, if necessary, and that the two went armed to the place of the homicide.

"When one is a co-indictee and testifies for the State against an accused, he is an accomplice witness as a matter of law.

"The trial court's failure to respond to the objection was error and necessitates a reversal of the judgment. See *Lindsey v. State,* 146 Tex.Cr.R. 459, 176 S.W.2d 192, and *Herrera v. State,* 115 Tex.Cr.R. 526, 27 S.W.2d 211.

"Much of the incriminating testimony of Hicks was not covered by other witnesses. Even if there be sufficient evidence without the testimony of Hicks, we cannot conclude that the error in the charge was harmless. Cf. *Allen v. State,* Tex.Cr. App., 461 S.W.2d 622, and *Gonzales v. State,* Tex.Cr.App., 441 S.W.2d 539." Also, see and cf. *Bentley v. State,* 520 S.W.2d 390.

As in *Hendricks,* much of the incriminating testimony in the instant case of the accomplice witness Goza was not covered by other witnesses. In fact, Goza was the only witness whose testimony constituted direct evidence of appellant's involvement in the crime. Assuming there was sufficient evidence to sustain the conviction without the testimony of Goza, we cannot conclude that the error in the charge was harmless.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.