**Ex parte Wilbur L. MORGAN.**

**No. 40046.**

Court of Criminal Appeals of Texas.

March 15, 1967.

Don G. Humble, Cameron, for petitioner.

John B. Henderson, Jr., Cameron, Leon B. Douglas, State's Atty., Austin, for the State.

ONION, Judge.

This is an original application for writ of habeas corpus brought by an inmate of the Texas Department of Corrections. He challenges the legality of his conviction as an habitual criminal in cause No. 10,850 in the 20th District Court of Milam County on March 23, 1959. His grounds are that he was indigent and was not represented by counsel when he was convicted in cause No. 10,730 in the 20th District Court on April 24, 1953, for the felony offense of aiding a prisoner to escape from jail, and that such cause was alleged and used for enhancement in his 1959 conviction.

On January 10, 1967, this Court ordered the Honorable W. C. Wallace, present Judge of the 20th District Court, to conduct a hearing upon the petition for writ of habeas corpus. At such hearing the petitioner was present and represented by counsel, and Judge Wallace has certified the facts developed to this Court.

It was stipulated that petitioner was not represented by counsel in his 1953 trial at which he entered a plea of not guilty before a jury. The illiterate 37 year old petitioner testified that at such time he was without funds to hire counsel, that the Court did not appoint counsel to represent him, offer him the services of an attorney or

ask him if he had an attorney, or advise him as to the rules of evidence or how to select a jury. The truthfulness of this testimony is not challenged.

The record does reveal that petitioner had been released on a $1,000.00 bond approximately six weeks prior to trial, and was employed, but it does not reflect the nature of the work, length of employment or income, or other testimony which would refute petitioner's claim of indigency. The evidence does show that seventeen days prior to trial petitioner's counsel, arranged for by his mother, was allowed to withdraw from the case by the court, when petitioner informed counsel he was unable to pay counsel.

■ Much of the testimony revolved around whether or not petitioner made a request for counsel. Petitioner admitted he made no such request of the trial judge, but asked "somebody * * * that was running it" (the trial). He related that he did not consent to proceed without counsel. Whether he made such request or not is immaterial in view of the circumstances established. Under the holdings of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799; and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, silence alone will not constitute a competent, intelligent and voluntary waiver of his constitutional right to be represented by counsel. See also Ex parte Geter, Tex.Cr.App., 383 S.W.2d 405; Ex parte Hamilton, 376 S.W. 2d 575; Ex parte Davis, Tex.Cr.App., 379 S.W.2d 922.

■ While it is true that a silent record cannot support a presumption of waiver of counsel, it is equally certain that when collaterally attacked the judgment of a court carries with it a presumption of regularity and is not to be lightly set aside. United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248; Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461; Bates v. Meadows, 6 Cir., 358

F.2d 674. Therefore, a petitioner in a habeas corpus proceeding has the burden of proving by a preponderance of the evidence that he did not competently and intelligently waive a constitutional right which he asserts was denied him. Moore v. State of Michigan, 355 U.S. 155, 161–162, 78 S. Ct. 191, 2 L.Ed.2d 167; Johnson v. Zerbst, supra; Welch v. Beto, 5 Cir., 355 F.2d 1016, 1020; Palumbo v. State of New Jersey, 3 Cir., 334 F.2d 524, 533.

■ The burden thus cast upon a habeas corpus petitioner requires evidence, in addition to a silent record, to overcome the presumption of judgment regularity.

■ The petitioner is aided, however, by the fact that courts will indulge every reasonable presumption against the waiver of a constitutional right. Johnson v. Zerbst, supra.

■ In the light of the particular facts and circumstances surrounding the case at bar, we conclude that the petitioner has sustained his burden of proof and has presented substantial evidence to support his allegations that he was too poor to employ counsel and did not intentionally and knowingly relinquish or abandon his right to counsel.

■ The records of the Texas Department of Corrections reflect that the petitioner now has credit for in excess of 12 years, which is the maximum punishment which could be assessed against petitioner as a subsequent offender under the terms of Article 62, Vernon's Ann.P.C., the instant or primary offense being burglary and the other prior conviction also being for burglary.

Accordingly, petitioner is entitled to be discharged under the holding of the United States Supreme Court in Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526.

The writ of habeas corpus is granted, and petitioner is ordered released.