Charles Everett McCLOUD, Appellant,

v.

The STATE of Texas, Appellee.

No. 50257.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

Rehearing Denied Oct. 15, 1975.

Michael R. Millican, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Stephen P. Tokoly and Charles Yett, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary of a building, a second degree felony under Section 30.02 of our new Penal Code. After the jury found appellant guilty, the trial court sentenced him to life

in accord with the provisions of Section 12.42(d), V.T.C.A., Penal Code.

The State first called three employees of Clockwise Fashions, a Dallas manufacturer of women's clothing. James Whiteman, production manager for Clockwise, testified that he had care, custody, and control of the Clockwise warehouse at 3003 Commerce Street and that he did not give the appellant consent to enter the warehouse or take any property from the premises. He stated that a particular line of tennis dresses and shorts were delivered to this building by a subcontractor on March 11, 1972. He also stated that since these dresses and shorts were not yet available on the retail market, all of them were located either at the Commerce Street warehouse or at the subcontractor's in Sherman.

Darlene Porter, a garment inspector for Clockwise at the Commerce Street warehouse, testified that on March 12, 1974, she was eating lunch at a table near the back door of the warehouse. With her was Emma Reager, a stock clerk with Clockwise. The back door, described as an overhead delivery door, was closed when the two women sat down to eat at 11:30. Presently, the women heard the door open and the sound of someone walking. They then turned around and saw a black man with an armful of the tennis dresses running toward the back door. They followed the man and watched him get into a dirty, light colored station wagon with two other men. One of the women memorized the license number of the car as it drove away. Neither woman was able to see the face of the man who took the dresses from the store, and neither identified the appellant at trial.

The woman reported the theft to Whiteman, who testified that after examining the merchandise he discovered that approximately twenty-five to thirty of the dresses were missing.

The appellant was stopped for a traffic violation the following day. He was driving a dirty, light colored station wagon and was accompanied by his brother Jessie Lee McCloud. The officer who stopped appellant observed a pair of white tennis shorts lying in the back floorboard in plain view. Aware of the details of the burglary at Clockwise, the officer examined the shorts and discovered that they matched the description (as to style number and brand name) of those taken in the burglary. He then arrested the two men.

Police officers then searched the apartment in which appellant had been staying with his brother and two other men. There they found several of the dresses taken in the burglary.

Appellant's first contention is that the court erred in failing to charge that Jessie Lee McCloud was an accomplice witness as a matter of law.

The State called McCloud as part of its case in chief. Like the appellant, Jessie McCloud was indicted for the Clockwise burglary. Prior to appellant's trial, Jessie pleaded guilty to this charge and was sentenced to three years, probated.

At the appellant's trial, Jessie's testimony was initially evasive, but when confronted by the evidence from his own trial, Jessie testified that appellant and one Dorsey took the dresses while Jessie waited in the car.

The State then introduced a copy of the transcription of the court reporter's notes taken at Jessie McCloud's trial. That record reveals that Jessie took the stand and unequivocally stated that appellant and Dorsey stole the dresses while Jessie waited in the car.

█ Clearly, Jessie McCloud, as a co-indictee, was an accomplice as a matter of law. *Hendricks v. State,* 508 S.W.2d 633 (Tex.Cr.App.1974). It is not significant that Jessie had previously pleaded guilty and received probation—this does not provide an exception to the general rule. *Otto v. State,* 117 Tex.Cr.R. 257, 36 S.W.2d 177 (1931); and see *Thomas v. State,* 120 Tex. Cr.R. 274, 48 S.W.2d 278 (1932).

In this case, the trial court utterly failed to give *any* charge on accomplice testimony,

either as a matter of law or as a question of fact for the jury. See, e. g., *Bentley v. State*, 520 S.W.2d 390 (Tex.Cr.App.1975). Clearly, this was error.

■ Nor can we conclude that the error in the charge was harmless. *Hendricks v. State*, supra. Jessie McCloud's testimony was the only direct evidence connecting appellant with the offense. And, as in *Hendricks*, much of the co-indictee's testimony was not covered by the testimony of other witnesses. Finally, we cannot find support in the record for the State's contention that Jessie McCloud's testimony tended to exculpate the appellant.

■ The only remaining question is whether the error was properly preserved, since the omission of a charge on accomplice testimony is clearly not fundamental error. *Hammonds v. State*, 166 Tex.Cr.R. 499, 500, 316 S.W.2d 423, 424 (1958).

Appellant presented his two handwritten objections to the court's charge on a single piece of paper. The first of these complained of a failure to charge on accomplice testimony; the second, of the absence of a charge on circumstantial evidence.

There is no question that the objections were presented to the trial judge, since his denial of the objections is noted over his signature at the bottom of the page on which the objections are found. Cf. *Terry v. State*, 517 S.W.2d 554, 557 (Tex.Cr.App. 1975). The only issue is whether the record sufficiently shows that the objections were presented in a timely fashion before the court's charge was read to the jury in accord with Art. 36.14, Vernon's Ann.C.C.P.

The record reflects that the charge was presented to the jury on July 24, 1974. The charge bears a filemark for that date. Appellant's objections also bear a filemark showing that they were filed on July 24, 1974. In addition, appellant specifically prefaced his objections with the statement that they were presented "pursuant to Article 36.14 of the Texas Code of Criminal [Procedure]."

■ The strongest indication that the objections were timely filed is the trial court's notation itself. It is a cardinal rule of appellate procedure in this State that we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. E. g., *Martinez v. State*, 504 S.W.2d 897, 899 (Tex.Cr.App. 1974). Here, the trial judge specifically denied the appellant's objections. From this, we must presume that the objections were timely filed, in the absence of evidence to the contrary. Since there is no such evidence, and since the filemarks tend to corroborate this presumption, we hold that the error was properly preserved.[1]

Accordingly, the judgment is reversed and the cause remanded.

DOUGLAS, J., concurs in the results.

---

1. Compare *Casarez v. State*, 504 S.W.2d 847, 849 (Tex.Cr.App.1974). The first trial of that case ended in a mistrial. At that trial written objections and requests for instructions were filed and filemarked the same day that the court's charge was given. The court's docket sheet and the transcription of the reporter's notes provided clear evidence that the objections and requests were presented to the court in a timely manner.

At the second trial in Casarez, no new objections or requests were filed, and no new filemark was placed on the previously-filed objections and requests. However, the transcription of the reporter's notes showed that the trial court treated those previously-filed objections as refiled, and he made a notation to this effect on his docket sheet. Despite the absence of an affirmative statement on the face of the objections as to the time of their filing, we held that the objections and requested instructions were timely filed.