**Loucelius KIRBY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–157–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 1984.

Discretionary Review Refused Oct. 3, 1984.

William Hicks, Dickinson, for appellant.
Miguel Martinez, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

J. CURTISS BROWN, Chief Justice.

Loucelius Kirby, Jr. (Kirby or appellant) was charged with burglary of a building. A jury found appellant guilty, and found enhancement allegations to be true. The trial court sentenced appellant to life imprisonment.

Kirby and an accomplice were spotted by an eyewitness who saw them peering into a garage. Police arrived in less than a minute. They found that a window in the garage had been chopped out. They recovered a toolbox, a hatchet from Kirby's accomplice, and a pistol and knife from Kirby. Kirby's accomplice was bleeding, having cut his hand on the garage window.

In nine grounds of error appellant asserts that the indictment was fundamentally defective; that the enhancement count was void; that a void conviction was introduced in the punishment phase of trial; and that various comments on extraneous matters prejudiced the case.

■ Appellant asserts the indictment was defective because it did not contain the word "enter". This exact question was considered by the Court of Criminal Appeals, en banc, and they decided such an indictment is not defective. *Smith v. State*, 652 S.W.2d 410, 411 (Tex.Crim.App. 1983, en banc). Appellant's ground of error is overruled.

■ Appellant asserts that one of his convictions for a prior burglary was void for purposes of enhancement. Apparently, Kirby plead guilty to two burglary indictments on the same day. Either the cause numbers on the judgment, or the cause numbers on the stipulations of evidence were reversed. The judgment in the record is regular on its face. Kirby only asserts that it has the wrong cause number. Both stipulations of evidence are in the record. Thus, there is no question that either judgment was without proper foundation. Considering that the judgment used to enhance Kirby's conviction is regular on its face, we cannot assume the stipulation of evidence is more accurate. *McCloud v. State*, 527 S.W.2d 885, 887 (Tex.Crim.App.1975). A defendant must show affirmatively that a conviction used in enhancement is void. *Acosta v. State*, 650 S.W.2d 827, 834 (Tex. Crim.App.1983, en banc). In a collateral attack on a conviction, the defendant has the burden of proving the judgment void. *Ex Parte Guzman*, 589 S.W.2d 461, 464 (Tex.Crim.App.1979, en banc).

■ Appellant further asserts that a void conviction was introduced in the punishment phase of the trial. It appears from the record that one of Kirby's prior convictions was reversed by the Court of Criminal Appeals. It also appears from the record that Kirby was retried and convicted for the same offense. It should be noted

that this offense was extraneous to the enhancement counts. The punishment was fully supported by the counts as proven. Kirby was not prejudiced by the introduction of the extraneous offense. His ground of error is overruled.

During the fact-finding stage of the trial, Kirby's attorney objected to statements made by both the prosecutor and a witness. In each instance the objection was sustained, and the jury was instructed to disregard.

■ In the first instance, the arresting officer gave a nonresponsive answer in which he stated that burglaries often result in rapes. An instruction to disregard is usually sufficient to cure the effect of a nonresponsive answer. The question is whether it was likely to affect the jury's verdict in spite of the instruction. *Williams v. State*, 643 S.W.2d 136, 138 (Tex. Crim.App.1982). The evidence in this case did not in any way suggest that a rape had occurred. The judge's instruction cured any harm that may have been caused. Appellant's ground of error is overruled.

■ There was one other occasion where an objection to a statement was sustained, and the jury was instructed to disregard. The prosecutor asked a witness about his prior knowledge of Kirby, but the witness was prevented from answering. Improper questions are usually cured by an instruction to disregard. It is only inadequate when the statement is clearly calculated to inflame the minds of jury, such that an instruction could not withdraw the impression created. *Thompson v. State*, 612 S.W.2d 925, 928 (Tex.Crim.App.1981). The unanswered question in this case did not cause any harm that was not cured by the judge's instruction. Appellant's ground of error is overruled.

Kirby's attorney also objected to two statements made by the prosecutor during his arguments to the jury. The prosecutor asked the jury to remember that the punishment phase was next, and during the punishment phase itself, said, "If those prior juries know what you know now ..."

In both cases the judge sustained the objection, and instructed the jury to disregard.

As with improper questions or testimony, improper argument to the jury must be so inflammatory that its prejudicial effect cannot be removed by an instruction. *Thomas v. State,* 578 S.W.2d 691, 695 (Tex.Crim.App.1979). The comments must be clearly calculated to prejudice the rights of an accused. *Mathews v. State,* 635 S.W.2d 532, 540 (Tex.Crim.App.1982). Neither comment was prejudicial to the degree that the effect could not be cured by the judge's instruction. Appellant's grounds of error are overruled.

Appellant's nine grounds of error are overruled. The judgment of the trial court is affirmed.