NO. 07-98-0205-CR
07-98-0206-CR
07-98-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2002

_____

MARY HELEN GRANADOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2353, 2354 AND 2355; HONORABLE DAVID M. MCCOY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Mary Helen Granados appeals from three judgments adjudicating her guilt and sentencing her to various terms of confinement. We affirm.

BACKGROUND

In May, 1997, a Collingsworth County grand jury issued three indictments against appellant. Indictment in Cause No. 2353 was for burglary of a habitation on or about April

28, 1997. Indictment in Cause No. 2354 was for burglary of a habitation on or about April 2, 1997. Indictment in Cause No. 2355 was for forgery occurring on or about March 27, 1997.[1]

On June 16, 1997, pursuant to plea bargains, appellant pled guilty in each cause. The trial court found that the evidence substantiated appellant's guilt in each cause. Pursuant to written agreements between appellant and the State, the trial court deferred adjudication of guilt. In Cause No. 2355, adjudication was deferred for two years. In Cause Nos. 2353 and 2354, adjudication was deferred for 10 years. The agreed recommendation was that each period of deferred adjudication was to be served concurrently, and not consecutively, which was what the trial court ordered.

As a term of probation the trial court required appellant to serve 60 days in the Collingsworth County Jail. The jail time as a probation condition was in accordance with the recommendation of the State pursuant to oral agreement between the State and appellant which was placed of record and agreed to by appellant and her attorney during the deferred adjudication hearing. The jail time condition was not typewritten in the judgments, but was interlined by hand. The judgments do not have a date noted for the interlineation, nor initials or other indication of who interlined the jail time condition of probation.

---

[1]Trial court Cause No. 2353 is appellate No. 07-98-0205-CR. Trial court Cause No. 2354 is appellate No. 07-98-0206-CR. Trial court Cause No. 2355 is appellate No. 07-98-0207-CR.

The State subsequently filed motions to adjudicate in each cause. The trial court adjudicated appellant guilty in each cause on February 24, 1998, and on that date imposed sentences. In Cause No. 2355, appellant was sentenced to incarceration for two years. In Cause No. 2353, she was sentenced to confinement for 16 years. In Cause No. 2354, she was sentenced to confinement for 16 years. On March 26, 1997, the trial court signed judgments *nunc pro tunc* in Cause Nos. 2353 and 2354 because the original judgments reflected sentences of confinement for 15 years.

Appellant timely filed motions for new trial and general notices of appeal in each cause. On August 25, 1998, she filed amended notices of appeal. The amended notices state that the appeals are for jurisdictional defects and that the trial court granted permission to appeal.

Appellant urges, via four issues, that the judgment in each cause should be reversed because her due process of law rights were violated. First, she asserts that the judgments entered following the deferred adjudication hearings are fundamentally defective and therefore void because they contain handwritten notations. Her second and third issues claim the trial court erred in imposing sentences exceeding the plea bargain agreements. Her fourth issue claims error by the trial court in assessing terms of confinement exceeding the agreed periods for deferred adjudication, without giving appellant an opportunity to withdraw her plea agreements.

JURISDICTION

We first consider whether we have jurisdiction to consider the merits of the appeals. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Courts address the question of jurisdiction *sua sponte;* for, unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2. If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist, id., and the appeal will be dismissed for lack of jurisdiction. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000).

Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See id. at 410. An untimely notice of appeal or a notice of appeal which does not conform to jurisdictional requirements or contain jurisdictional assertions will not invoke the jurisdiction of the court of appeals. See White v. State, 61 S.W.3d 424, 428-29 (Tex.Crim.App. 2001); Riewe, 13 S.W.3d at 411.

To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3)[2]; White, 61 S.W.3d at 428. The requirements of TRAP 25.2(b)(3) apply to a defendant who plea bargains for deferred adjudication, to the

---

[2]A rule of appellate procedure will be referred to as "TRAP_" hereafter.

4

extent the appeal is based on terms of the plea bargain. See Vidaurri v. State, 49 S.W.3d 880, 883-85 (Tex.Crim.App. 2001). When the appeal concerns whether the sentence upon revocation and adjudication is in accordance with the prosecutor's recommendation pursuant to the plea bargain, the requirements of TRAP 25.2(b)(3) apply. Id. at 884-85; see Watson v. State, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996). In the absence of some express agreement between the prosecutor and the defendant limiting the punishment to be assessed in the event of a subsequent adjudication of defendant, when the prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or *nolo contendere* and deferred adjudication is granted, then the trial judge does not exceed the recommendation if, upon proceeding to an adjudication of guilt, the judge later assesses any punishment within the range allowed by law. See Woods v. State, 68 S.W.3d 667, 669 (Tex.Crim.App. 2002); Watson, 924 S.W.2d at 714; see also Ditto v. State, 988 S.W.2d 236, 239-40 (Tex.Crim.App. 1999).

If the original notice of appeal fails to invoke jurisdiction of the appellate court, an out-of-time amendment cannot serve to invoke jurisdiction. See Riewe, 13 S.W.3d at 413-14. Moreover, TRAP 25.2(d) does not permit an appellate court to grant a motion to amend the notice of appeal if the amendments sought to be made to the notice of appeal are jurisdictional amendments. Id. Once jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain jurisdiction. Id. at 413; see TRAP 2. Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. See White, 61 S.W.3d at 428.

The deferred adjudication judgments complied with the plea bargain agreements in placing appellant on deferred adjudication and imposing jail time as a condition of probation. In such situation, the trial judge did not exceed the recommendation of the State when, upon proceeding to an adjudication of guilt, the judge later assessed punishment within the range allowed by law. See Woods, 68 S.W.3d at 669; Watson, 924 S.W.2d at 714. Thus, appellant's original general notices of appeal do not contain allegations necessary to invoke our appellate jurisdiction as to issues two, three and four because the requirements of TRAP 25.2(b)(3) apply to appeal of such issues. See Vidaurri, 49 S.W.3d at 884-85; Watson, 924 S.W.2d at 714. And, the amended notices were not timely so as to invoke appellate jurisdiction. See Riewe, 13 S.W.3d at 413-14. We have jurisdiction only to dismiss the appeals as to appellant's second, third and fourth issues.

Appellant's first issue, however, asserts that the judgments placing her on deferred adjudication are void, and that the subsequent judgments adjudicating her guilty and sentencing her are, therefore, void because they are based on the void deferred adjudication judgments. Her assertion is that the interlineations in the judgments providing that she serve 60 days in Collingsworth County Jail as condition of probation were alterations of the deferred adjudication judgments without any showing in the record as to when the interlineations were made. Under such circumstances, she urges, the alterations caused the judgments to be void. Such issue may be considered on direct appeal. See Nix v. State, 2001 WL 717453, *2 (Tex.Crim.App. 2001).

6

## VOID JUDGMENTS - ISSUE 1

In considering appellant's first issue asserting that the deferred adjudication judgments were void, precedent requires that we indulge every presumption in favor of the regularity of the documents in the trial court. See McCloud v. State, 527 S.W.2d 885, 887 (Tex.Crim.App. 1975); Nichols v. State, 511 S.W.2d 945, 947-48 (Tex.Crim.App. 1974). The formal judgment of the trial court carries with it a presumption of regularity and truthfulness, and such is never to be lightly set aside. See Ex parte Morgan, 412 S.W.2d 657, 659 (Tex.Crim.App. 1967). For a judgment to be void, the record must leave no question about the existence of the fundamental defect. See Nix, 2001 WL 717453 at *2. If the record is incomplete and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect. Id.

As appellant notes in her brief, the record does not show when the interlineations in the deferred adjudication judgments were made or who made them. In such instance, we will not presume that the interlineations were improperly made or made after the trial judge signed the judgments. See id.; McCloud, 527 S.W.2d at 887. The record does not

7

unquestionably show any of the three deferred adjudication judgments to be void.[3]

Accordingly, we overrule issue one.


CONCLUSION


Having dismissed appellant's second, third and fourth issues for want of jurisdiction,

and having overruled her first issue, we affirm the judgments of the trial court.


Phil Johnson
Justice


Do not publish.

---

[3]Because of our disposition of appellant's issue, we need not and do not consider whether interlineation of conditions of probation in the judgments could have resulted in void judgments. See TEX. CRIM. PROC. CODE ANN. art. 42.12 §§ 2(2), 3(a) (Vernon 2002); Speth v. State, 6 S.W.3d 530, 532, 534 (Tex.Crim.App. 1999) (community supervision involves suspension of a defendant's sentence; is in lieu of sentence and not part of the sentence; terms are part of a contract between the trial court and the defendant; and conditions not objected to at the time community supervision is granted are affirmatively accepted as terms of the contract).