NO. 07-02-0296-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



 APRIL 10, 2003


______________________________



IVY JOHNSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;



NO. CR-22,878; HON. DAVID V. WILSON, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Appellant, Ivy Johnson, appeals his conviction of unlawfully possessing a firearm. 
Through two issues on appeal, he attacks the voluntariness of his open guilty plea. 
Specifically, he contends that his plea was involuntary because it was based upon a
misrepresentation by his counsel and because his counsel was ineffective when uttering
the purported misrepresentation. The misrepresentation involved the alleged statement
that appellant would receive probation if he entered an open plea of guilty. We affirm the
judgment of the trial court.

Background


 Appellant was indicted for the offense of unlawful possession of a firearm. On May
3, 2002, he entered a guilty plea without a recommendation as to punishment. A pre-sentence investigation report was prepared and, on May 31, 2002, the court sentenced
him to five years imprisonment. The record before us contains no evidence of any
statements made by counsel to appellant concerning probation or appellant's eligibility for
it. And, to the extent that appellant applied to the court for probation, the written document
only contains the signature of appellant and the deputy court clerk. Counsel's signature
appears nowhere on the instrument.

 Nevertheless, the following does appear of record. Appellant signed written plea
admonishments, waivers and stipulations. So too did he represent to the trial court at the
plea hearing that 1) he had not been forced to enter a plea, 2) there was no plea bargain,
3) he was not promised anything in return for his plea, 4) he was pleading guilty because
he was guilty, 5) he understood his right to a jury trial and gave up that right, 6) he gave
up his right to require the State to call witnesses against him and agreed to the stipulation
of evidence, 7) he was not under the influence of any medication, drugs, or alcohol, 8) he
had never been committed to a mental institution or under the care of a psychiatrist, 9) he
was not "crazy," and 10) he had been given an opportunity to talk to his counsel and "was
satisfied with his services." 





Authority and Its Application


 When there is no plea bargain, a knowing and voluntary guilty plea waives all non-jurisdictional defects occurring before the plea. Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997). However, a defendant may raise on appeal the question of the
voluntariness of his plea. Cantu v. State, 993 S.W.2d 712, 716 (Tex. App.--San Antonio
1999, pet. ref'd). (2) Additionally, a guilty plea based on erroneous advice or significant
misinformation provided by defense counsel is not voluntary. Cardenas v. State, 960
S.W.2d 941, 943 (Tex. App.--Texarkana 1998, pet. ref'd); Fimberg v. State, 922 S.W.2d
205, 207 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). 

 Next, the standards by which we review claims of ineffective assistance of counsel
are well established and recited in Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002). 
The litigants are referred to that case for an explanation of them. Furthermore, we note
not only that the claim of ineffectiveness must be firmly founded in the record, Rios v.
State, 990 S.W.2d 382, 385 (Tex. App.--Amarillo 1999, no pet.), but also that counsel's
actions are presumed both reasonable and professional until appellant establishes
otherwise. Bone v. State, 77 S.W.3d at 833. Finally, when a defendant enters a plea upon
advice of counsel and later challenges the voluntariness of that plea based upon a claim
of ineffective assistance, the voluntariness of the plea depends upon whether counsel's
advice was within the range of competence demanded of attorneys in criminal cases and,
if not, whether there is a reasonable probability that, but for counsel's mistakes, he would
not have pled guilty but would have insisted on going to trial. Ex parte Moody, 991 S.W.2d
856, 857 (Tex. Crim. App. 1999); Malley v. State, 9 S.W.3d 925, 927 (Tex.
App.--Beaumont 2000, pet. ref'd). 

 As to the contention that the plea was involuntary due to counsel's purported
misstatement that appellant would receive probation, appellant cites us to no evidence
illustrating that counsel made such a statement. Nor does our own review of the record
uncover any. And, the fact that appellant may have pled guilty and filed an application for
probation is not basis upon which one can reasonably infer that the applicant was told by
anyone, much less his attorney, that he would receive probation if he pled guilty. 
Moreover, we have before us evidence that appellant was 1) admonished about the full
range of punishment (which included an extended prison term) and 2) told that a jury could
not award him probation, though it appeared that the trial court could. Appellant stated
that he understood this. Additionally, appellant acknowledged before the trial court that
1) he had not been forced to enter a plea, 2) there existed no plea bargain, 3) he was not
promised anything in return for his plea, 4) he was pleading guilty because he was guilty,
5) he understood his right to trial by jury and waived that right, 6) he waived his right to
require the State to call witnesses against him and agreed to the stipulation of evidence,
7) he was not at the time under the influence of any intoxicant or medication, 8) he had
never been committed to a mental institution or the care of a psychiatrist, 9) he was not
"crazy," and 10) he had been given an opportunity to talk to his counsel and "was satisfied
with [counsel's] services." This evidence establishes a prima facie showing that his plea
was voluntary. Cantu v. State, 993 S.W.2d at 718. Finally, that appellant received greater
punishment than originally expected (even if that expectation was raised by his attorney)
did not of itself render the plea involuntary. Flowers v. State, 951 S.W.2d 883, 885 (Tex.
App.--San Antonio 1997, no pet.). 

 As to the claim of ineffectiveness, we again note the utter lack of evidence depicting
what, if anything, trial counsel told appellant regarding pleading guilty, in general, and
probation, in particular. That appellant may have executed and filed a sworn request for
probation does not fill the void. Again, the claim of ineffectiveness must be firmly founded
on the record. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). So, we
cannot presume the nature of an attorney's advice from the mere record of his conduct at
trial without actual evidence that the defendant was misinformed. Shepherd v. State, 673
S.W.2d 263, 267 (Tex. App.--Houston [1st Dist.] 1984, no pet.). Simply put, we cannot find
counsel ineffective and, therefore, appellant's plea involuntary without evidence of what
counsel said.

 Accordingly, both issues are overruled, and the judgment of the trial court is
affirmed. 


 Brian Quinn

 Justice 


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Appellant signed a waiver of his right to appeal at the time of his plea but prior to sentencing. 
Although he has not separately attacked the voluntariness of the waiver of his right to appeal, we will treat
it as subsumed within his claim that his plea was involuntary. 



appeal
are jurisdictional amendments. Id. Once jurisdiction is lost, an appellate court lacks the
power to invoke any rule to thereafter obtain jurisdiction. Id. at 413; see TRAP 2. 
Dismissal of an issue or the entire matter is appropriate unless the form of the notice of
appeal is proper to perfect appeal as to the issue or matter. See White, 61 S.W.3d at 428.

 The deferred adjudication judgments complied with the plea bargain agreements
in placing appellant on deferred adjudication and imposing jail time as a condition of
probation. In such situation, the trial judge did not exceed the recommendation of the
State when, upon proceeding to an adjudication of guilt, the judge later assessed
punishment within the range allowed by law. See Woods, 68 S.W.3d at 669; Watson,
924 S.W.2d at 714. Thus, appellant's original general notices of appeal do not contain
allegations necessary to invoke our appellate jurisdiction as to issues two, three and four
because the requirements of TRAP 25.2(b)(3) apply to appeal of such issues. See
Vidaurri, 49 S.W.3d at 884-85; Watson, 924 S.W.2d at 714. And, the amended notices
were not timely so as to invoke appellate jurisdiction. See Riewe, 13 S.W.3d at 413-14. 
We have jurisdiction only to dismiss the appeals as to appellant's second, third and fourth
issues.

 Appellant's first issue, however, asserts that the judgments placing her on deferred
adjudication are void, and that the subsequent judgments adjudicating her guilty and
sentencing her are, therefore, void because they are based on the void deferred
adjudication judgments. Her assertion is that the interlineations in the judgments providing
that she serve 60 days in Collingsworth County Jail as condition of probation were
alterations of the deferred adjudication judgments without any showing in the record as to
when the interlineations were made. Under such circumstances, she urges, the alterations
caused the judgments to be void. Such issue may be considered on direct appeal. See
Nix v. State, 2001 WL 717453, *2 (Tex.Crim.App. 2001). 

VOID JUDGMENTS - ISSUE 1 

 In considering appellant's first issue asserting that the deferred adjudication
judgments were void, precedent requires that we indulge every presumption in favor of the
regularity of the documents in the trial court. See McCloud v. State, 527 S.W.2d 885, 887
(Tex.Crim.App. 1975); Nichols v. State, 511 S.W.2d 945, 947-48 (Tex.Crim.App. 1974). 
The formal judgment of the trial court carries with it a presumption of regularity and
truthfulness, and such is never to be lightly set aside. See Ex parte Morgan, 412 S.W.2d
657, 659 (Tex.Crim.App. 1967). For a judgment to be void, the record must leave no
question about the existence of the fundamental defect. See Nix, 2001 WL 717453 at *2. 
If the record is incomplete and the missing portion could conceivably show that the defect
does not in fact exist, then the judgment is not void, even though the available portions of
the record tend to support the existence of the defect. Id. 

 As appellant notes in her brief, the record does not show when the interlineations
in the deferred adjudication judgments were made or who made them. In such instance,
we will not presume that the interlineations were improperly made or made after the trial
judge signed the judgments. See id.; McCloud, 527 S.W.2d at 887. The record does not
unquestionably show any of the three deferred adjudication judgments to be void. (3) 
Accordingly, we overrule issue one. 



CONCLUSION


 Having dismissed appellant's second, third and fourth issues for want of jurisdiction,
and having overruled her first issue, we affirm the judgments of the trial court. 

 

 Phil Johnson

 Justice



Do not publish. 



1. Trial court Cause No. 2353 is appellate No. 07-98-0205-CR. Trial court Cause No.
2354 is appellate No. 07-98-0206-CR. Trial court Cause No. 2355 is appellate No. 07-98-0207-CR. 
2. A rule of appellate procedure will be referred to as "TRAP_" hereafter.
3. Because of our disposition of appellant's issue, we need not and do not consider
whether interlineation of conditions of probation in the judgments could have resulted in
void judgments. See Tex. Crim. Proc. Code Ann. art. 42.12 §§ 2(2), 3(a) (Vernon 2002);
Speth v. State, 6 S.W.3d 530, 532, 534 (Tex.Crim.App. 1999) (community supervision
involves suspension of a defendant's sentence; is in lieu of sentence and not part of the
sentence; terms are part of a contract between the trial court and the defendant; and
conditions not objected to at the time community supervision is granted are affirmatively
accepted as terms of the contract).