NO. 07-04-0403-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 8, 2005



______________________________




HOBERT JEAN WILLIAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;



NO. 007-1108-02; HONORABLE KERRY L. RUSSELL, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

 Following his open plea of guilty, appellant Hobert Jean Williams was convicted of
failure to stop and render aid and sentenced to four years confinement and a $5,000 fine. 
In presenting this appeal, counsel has filed an Anders (1) brief in support of a motion to
withdraw. We affirm and grant counsel's motion to withdraw.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record, and in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a response and the State did not favor
us with a brief.

 Pursuant to his guilty plea, appellant stipulated to evidence that on December 10,
2001, he was driving a vehicle involved in an accident which resulted in injury to another
person. Furthermore, appellant stipulated he intentionally and knowingly left the scene of
the accident without leaving his name, address, vehicle registration, or the name of his
liability insurer, and without rendering reasonable assistance to the injured person when
it was apparent she was in need of medical treatment. 

 In his brief, counsel raises no issues and concedes no good faith argument can be
presented to challenge appellant's plea of guilty and his sentence. A review of the record
establishes that appellant's plea was knowingly and voluntarily made. Counsel also notes
that appellant had effective representation and thus, no argument can be made under
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also, the
trial court is vested with a great degree of discretion in imposing an appropriate sentence. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984). If the punishment assessed
is within the statutory range, then it should not be disturbed on appeal. Nunez v. State, 565
S.W.2d 536, 538 (Tex.Cr.App. 1978). Failure to stop and render aid is punishable by
imprisonment for a term of not more than five years, a fine not to exceed $5,000, or both. 
Tex. Transp. Code Ann. § 550.021(c) (Vernon 1999). Thus, no error is presented in the
trial court's assessment of a four year sentence and a $5,000 fine.

 We have made an independent examination of the entire record to determine whether
there are any arguable grounds which might support this appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal
is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d
577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



TYLE="text-decoration: underline">Id. at 657 n.2. If the jurisdiction of a court of
appeals is not properly invoked, the power of the appellate court to act is as absent as if
it did not exist, id., and the appeal will be dismissed for lack of jurisdiction. See State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000). 

 Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See
id. at 410. An untimely notice of appeal or a notice of appeal which does not conform to
jurisdictional requirements or contain jurisdictional assertions will not invoke the jurisdiction
of the court of appeals. See White v. State, 61 S.W.3d 424, 428-29 (Tex.Crim.App. 2001);
Riewe, 13 S.W.3d at 411.

 To perfect appeal from a judgment which was rendered on the defendant's plea of
guilty or nolo contendere under Code of Criminal Procedure article 1.15, and in which the
punishment assessed did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a
jurisdictional defect; (b) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or (c) state that the trial court granted permission to
appeal. See Tex. R. App. P. 25.2(b)(3) (2); White, 61 S.W.3d at 428. The requirements of
TRAP 25.2(b)(3) apply to a defendant who plea bargains for deferred adjudication, to the
extent the appeal is based on terms of the plea bargain. See Vidaurri v. State, 49 S.W.3d
880, 883-85 (Tex.Crim.App. 2001). When the appeal concerns whether the sentence upon
revocation and adjudication is in accordance with the prosecutor's recommendation
pursuant to the plea bargain, the requirements of TRAP 25.2(b)(3) apply. Id. at 884-85;
see Watson v. State, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996). In the absence of some
express agreement between the prosecutor and the defendant limiting the punishment to
be assessed in the event of a subsequent adjudication of defendant, when the prosecutor
recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo
contendere and deferred adjudication is granted, then the trial judge does not exceed the
recommendation if, upon proceeding to an adjudication of guilt, the judge later assesses
any punishment within the range allowed by law. See Woods v. State, 68 S.W.3d 667,
669 (Tex.Crim.App. 2002); Watson, 924 S.W.2d at 714; see also Ditto v. State, 988
S.W.2d 236, 239-40 (Tex.Crim.App. 1999).

 If the original notice of appeal fails to invoke jurisdiction of the appellate court, an
out-of-time amendment cannot serve to invoke jurisdiction. See Riewe, 13 S.W.3d at
413-14. Moreover, TRAP 25.2(d) does not permit an appellate court to grant a motion to
amend the notice of appeal if the amendments sought to be made to the notice of appeal
are jurisdictional amendments. Id. Once jurisdiction is lost, an appellate court lacks the
power to invoke any rule to thereafter obtain jurisdiction. Id. at 413; see TRAP 2. 
Dismissal of an issue or the entire matter is appropriate unless the form of the notice of
appeal is proper to perfect appeal as to the issue or matter. See White, 61 S.W.3d at 428.

 The deferred adjudication judgments complied with the plea bargain agreements
in placing appellant on deferred adjudication and imposing jail time as a condition of
probation. In such situation, the trial judge did not exceed the recommendation of the
State when, upon proceeding to an adjudication of guilt, the judge later assessed
punishment within the range allowed by law. See Woods, 68 S.W.3d at 669; Watson,
924 S.W.2d at 714. Thus, appellant's original general notices of appeal do not contain
allegations necessary to invoke our appellate jurisdiction as to issues two, three and four
because the requirements of TRAP 25.2(b)(3) apply to appeal of such issues. See
Vidaurri, 49 S.W.3d at 884-85; Watson, 924 S.W.2d at 714. And, the amended notices
were not timely so as to invoke appellate jurisdiction. See Riewe, 13 S.W.3d at 413-14. 
We have jurisdiction only to dismiss the appeals as to appellant's second, third and fourth
issues.

 Appellant's first issue, however, asserts that the judgments placing her on deferred
adjudication are void, and that the subsequent judgments adjudicating her guilty and
sentencing her are, therefore, void because they are based on the void deferred
adjudication judgments. Her assertion is that the interlineations in the judgments providing
that she serve 60 days in Collingsworth County Jail as condition of probation were
alterations of the deferred adjudication judgments without any showing in the record as to
when the interlineations were made. Under such circumstances, she urges, the alterations
caused the judgments to be void. Such issue may be considered on direct appeal. See
Nix v. State, 2001 WL 717453, *2 (Tex.Crim.App. 2001). 

VOID JUDGMENTS - ISSUE 1 

 In considering appellant's first issue asserting that the deferred adjudication
judgments were void, precedent requires that we indulge every presumption in favor of the
regularity of the documents in the trial court. See McCloud v. State, 527 S.W.2d 885, 887
(Tex.Crim.App. 1975); Nichols v. State, 511 S.W.2d 945, 947-48 (Tex.Crim.App. 1974). 
The formal judgment of the trial court carries with it a presumption of regularity and
truthfulness, and such is never to be lightly set aside. See Ex parte Morgan, 412 S.W.2d
657, 659 (Tex.Crim.App. 1967). For a judgment to be void, the record must leave no
question about the existence of the fundamental defect. See Nix, 2001 WL 717453 at *2. 
If the record is incomplete and the missing portion could conceivably show that the defect
does not in fact exist, then the judgment is not void, even though the available portions of
the record tend to support the existence of the defect. Id. 

 As appellant notes in her brief, the record does not show when the interlineations
in the deferred adjudication judgments were made or who made them. In such instance,
we will not presume that the interlineations were improperly made or made after the trial
judge signed the judgments. See id.; McCloud, 527 S.W.2d at 887. The record does not
unquestionably show any of the three deferred adjudication judgments to be void. (3) 
Accordingly, we overrule issue one. 



CONCLUSION


 Having dismissed appellant's second, third and fourth issues for want of jurisdiction,
and having overruled her first issue, we affirm the judgments of the trial court. 

 

 Phil Johnson

 Justice



Do not publish. 



1. Trial court Cause No. 2353 is appellate No. 07-98-0205-CR. Trial court Cause No.
2354 is appellate No. 07-98-0206-CR. Trial court Cause No. 2355 is appellate No. 07-98-0207-CR. 
2. A rule of appellate procedure will be referred to as "TRAP_" hereafter.
3. Because of our disposition of appellant's issue, we need not and do not consider
whether interlineation of conditions of probation in the judgments could have resulted in
void judgments. See Tex. Crim. Proc. Code Ann. art. 42.12 §§ 2(2), 3(a) (Vernon 2002);
Speth v. State, 6 S.W.3d 530, 532, 534 (Tex.Crim.App. 1999) (community supervision
involves suspension of a defendant's sentence; is in lieu of sentence and not part of the
sentence; terms are part of a contract between the trial court and the defendant; and
conditions not objected to at the time community supervision is granted are affirmatively
accepted as terms of the contract).