Opinion issued June 8, 2006








     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00383-CR
          01-05-00384-CR




JUAN R. RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 984839 & 984840




MEMORANDUM OPINION

          A jury found appellant, Juan R. Ramirez, guilty of two counts of the felony
offense of intoxication assault, with a deadly weapon. Appellant entered a plea of
true to the allegation in an enhancement paragraph that he had a prior felony
conviction, and, after finding the enhancement allegation true, the jury assessed
punishment at 15 years in prison. In two points of error, appellant contends that the
evidence was legally and factually insufficient (1) “to sustain the verdict as to the
element of ‘driver’ or ‘operator’ of a motor vehicle” and (2) “to sustain the
punishment verdict on the proof and evidence of the prior conviction.” We affirm.
Background
          In the early morning hours of April 3, 2004, Chuck Ratcliff, Jr.’s Mustang was
broadsided by a Cadillac that ran a red light and was driving more than 20 miles per
hour over the speed limit. Ratcliff’s airbags deployed, so he and his front-seat
passenger, Navid Hajazimzanjani (“Navid”), were relatively unharmed. The two
backseat passengers, Tony Lesser and John Holloway, the complainants, however,
were knocked unconscious, could not be revived, and were “kind of snoring and
making gurgling noises.” 
          The Cadillac, which was owned by appellant’s sister, came to a stop by a tree
that prevented the driver’s door from opening. After the impact, Ratcliff looked over
at the Mustang and saw a man wearing a light-colored t-shirt and blue jeans standing
a few feet from the passenger side doors of the Cadillac, touching his forehead, and
looking down. He then saw a second man wearing a t-shirt and light-colored baggy
pants, crawling out of the Cadillac through the front passenger side door. The second
man, who was later determined to be appellant, did not appear to be injured or
bleeding. 
          Navid testified that he looked over and saw the two men and noticed that the
man on the passenger side of the Cadillac was bleeding from his head onto his shirt
and was constantly checking his wounds. Navid was about to call for emergency
assistance when Officer Charles Allen arrived. Officer Allen, from the Houston
Police Department, Traffic and Accident Enforcement, DWI Task Force, was in the
area when he heard the accident. 
          Officer Allen asked appellant for his driver’s license, but he did not have one. 
He told appellant and the bleeding man from the Cadillac to sit on the sidewalk while
he checked on the Mustang’s occupants. Officer Allen discovered the severity of
Lessar’s and Holloway’s injuries and called for a “heavy rescue unit.” While making
the call, a wrecker driver yelled, “They’re running.” Officer Allen turned to see
appellant and the bleeding man run in different directions. Officer Allen chased
appellant through a park and caught him. Appellant explained that he ran because he
did not have a driver’s license. 
          Appellant, who had no blood, cuts, or bruises on his face or head, was taken
to the hospital for a blood test. Blood test results showed that appellant had a
blood/alcohol content of .137 grams per 100 milliliters of blood.
          Officer Allen examined the Cadillac and found that the driver’s airbag had
deployed, and there was no blood on the airbag. There was a crack on the windshield
on the passenger’s side, and there was fresh blood by the crack on the windshield as
well as on the seats, windows, and door frame on the passenger’s side of the car. 
Officer Allen testified that he believed that the man who was bleeding was in the
passenger’s seat, without his seatbelt on, at the time of the collision. Frank Martinez
from the Houston Police Department, Crime Scene Unit, Vehicle Examiner, testified
that the blood samples collected from the Cadillac indicated that it was not
appellant’s blood. 
          The medical records reflected that Holloway suffered a lacerated spleen and a
closed head injury resulting in a nine-day hospitalization and months of physical
therapy. Lesser had an acute subdural hematoma that required neurosurgery and a
two-week hospitalization. Lesser spent one and one half months in rehabilitation. 
Sufficiency In two points of error, appellant contends that the evidence was legally and
factually insufficient (1) “to sustain the verdict as to the element of ‘driver’ or
‘operator’ of a motor vehicle” and (2) “to sustain the punishment verdict on the proof
and evidence of the prior conviction.”
Standard of Review
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562.
          In a factual sufficiency review, we view all the evidence in a neutral light and
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting a factual sufficiency review,
we must discuss the evidence that appellant asserts is most important in allegedly
undermining the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). In conducting the factual sufficiency review, we must also employ
appropriate deference to the fact finder so that we do not substitute our judgment for
that of the fact finder. Zuniga v. State, 144 S.W.3d 477, 481–82 (Tex. Crim. App.
2004). Unless the available record clearly reveals a different result is appropriate, an
appellate court conducting a factual sufficiency review must defer to the fact finder’s
determination concerning the weight given contradictory testimonial evidence
because resolution often turns on an evaluation of credibility and demeanor. Johnson
v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).
“Driver” or “Operator”
          In point of error one, appellant argues that the evidence is legally and factually
insufficient “to sustain the verdict as to the element of ‘driver’ or ‘operator’ of a
motor vehicle.”
          To sustain a conviction for intoxication assault, the State must prove beyond
a reasonable doubt that a defendant operated a motor vehicle in a public place while
intoxicated and, by reason of that intoxication, caused serious bodily injury to
another. Tex. Pen. Code. Ann. § 49.07 (Vernon 2003). Appellant, who testified at
trial, admitted all of the elements of the offense except that he was the operator of the
vehicle. 
          Navid testified that he saw appellant get out of the passenger’s side door of the
Cadillac immediately after the other man who was bleeding. Ratcliff testified that,
right after the collision, he saw a man, wearing a t-shirt and blue jeans, bleeding and
standing a few feet away from the car. He then saw a second man, who was wearing
a t-shirt and light-colored baggy pants and did not appear to be injured, crawl out of
the passenger’s side door. Appellant testified that he was wearing white, baggy pants
the night of the accident.
          Appellant fled the scene. Flight is a circumstance from which an inference of
guilt can be drawn. McWherter v. State, 607 S.W.2d 531, 535 (Tex. Crim. App.
1980). Appellant said that he ran from the scene because he did not have a driver’s
license. It can be inferred that, because the driver is the only one who needs a
driver’s license, appellant must have been the driver. 
          Further, the physical evidence indicates that appellant was the driver of the
Cadillac. Appellant, unlike his friend, was not bleeding. There was no blood on the
driver’s side airbag, but there was blood on the cracked windshield on the passenger’s
side of the car that had no airbag. Moreover, a DNA analysis revealed that the blood
found in the car did not match appellant’s blood.
          Viewing the evidence in the light most favorable to the verdict, we hold that
a rational trier of fact could have found beyond a reasonable doubt that appellant was
the driver of the Cadillac. Accordingly, we hold that the evidence was legally
sufficient to support the conviction.
          In respect to his argument that the evidence was factually insufficient to
support his conviction, appellant notes that he testified through an interpreter that he
“got drunk” at a club, and he asked a friend to drive him home. He testified that he
got in the back seat of the Cadillac and fell asleep. His friend woke him up after the
accident, and appellant crawled out of the back passenger’s door. Appellant claims
that it was his friend, not appellant, who ran from the police. However, the physical
and other circumstantial evidence as outlined above was more than ample to support
the conviction.
          Viewing the evidence in a neutral light, we hold that the evidence was not so
weak that the verdict was clearly wrong and manifestly unjust, or the contrary
evidence is so strong that the standard of proof beyond a reasonable doubt could not
have been met. See Escamilla, 143 S.W.3d at 817. Accordingly, we hold that there
was factually sufficient evidence to support the conviction.
          We overrule point of error one.
Enhancement
          In point of error two, appellant argues that the evidence is legally and factually
insufficient “to sustain the punishment verdict on the proof and evidence of the prior
conviction” because it does not establish that he had been previously convicted of a
felony.
          A plea of true to enhancement allegations and stipulations to prior convictions
waives challenges to the sufficiency of the evidence supporting those enhancement
allegations. Harrison v. State, 950 S.W.2d 419, 422 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d). Appellant pled true to the enhancement paragraphs, thus waiving
his right to challenge the sufficiency. Appellant argues, however, that he has not
waived this challenge because the stipulation of facts did not contain the correct
cause number and the offense in the stipulation was not the charge named in the
indictment. 
          A conviction is not void for purposes of enhancement simply because of
wrongly-transposed digits in the cause number. Kirby v. State, 681 S.W.2d 131, 133
(Tex. App.—Houston [14th Dist.] 1984, pet. ref’d). Considering the judgment used
to enhance the appellant’s conviction is facially accurate, the court cannot assume
that the stipulation of evidence is more accurate. McCloud v. State, 527 S.W.2d 885,
887 (Tex. Crim. App. 1975). Unless appellant can show that he was prejudiced by
this mistake and that he could not discern which offense the State intended to use for
his enhancement, then the court cannot find any error. Bryant v. State, 2002 WL
27573, at *3 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (not designated for
publication).         Here, appellant was aware of which offenses the State intended
to use for enhancement purposes, and he has not shown that he was prejudiced in any
way. Accordingly, because he pled true to the enhancement and stipulation of
evidence and because his prior conviction is not void due to the wrongly-transposed
digits in the cause number, we hold that he has waived any error for our review. 
          We overrule point of error two.
ConclusionWe affirm the trial court’s judgment.

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).