COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Joshua London v. The State of Texas

Appellate case number:   01-13-00441-CR

Trial court case number: 1367861

Trial court:                     230th District Court of Harris County

The record in this appeal does not clearly indicate whether the appellant has the right to appeal. The clerk's record received by this Court contains two certifications. One certification is signed by appellant and his attorney but not the trial court judge, and indicates that the appellant has waived the right to appeal. The clerk's record does not otherwise clearly show a waiver of the right to appeal by appellant, but it is possible that appellant waived the right to appeal in open court after sentencing or in exchange for some concession from the State.[1] However, because this certification is not signed by the trial court judge, we cannot apply a presumption of regularity to this document. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975). A second certification appears in the clerk's record, signed by the trial court judge, but has no box checked and therefore does not indicate anything about the appellant's right to appeal. The Rules of Appellate Procedure require that a certification from the trial court of the appellant's right to appeal be filed in every criminal case in which the trial court enters a judgment or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2).

Accordingly, we abate this appeal and remove it from this Court's active docket.

We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Charles A. Brown, Jr., shall be

---

1    The clerk's record indicates that appellant waived the right to have the court reporter record his plea. The court reporter has notified this Court that no record was taken in the underlying case.

present. Appellant shall also be present for the hearing in person. If appellant is now incarcerated, he may appear by closed video teleconference.[2]

At the hearing, the trial court shall make a written finding regarding whether appellant waived his right to appeal. This finding must be contained in a written order, and not a docket sheet entry. The trial court shall also complete a new certification of the appellant's right to appeal. The certification must be signed by the trial court judge, appellant, and appellant's counsel. If the trial court determines that the appellant has the right to appeal, the trial court shall enter a written order appointing appellate counsel.

The trial court shall have a court reporter record the hearing, and a reporter's record of the hearing shall be filed in this court **within 30 days of the date of this order**. A supplemental clerk's record containing the trial court's written findings and order and a completed certification of appellant's right to appeal shall be filed with the Clerk of this Court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.

Judge's signature: /s/ Michael Massengale
                     ☑ Acting individually     ☐ Acting for the Court


Date: ___July 17, 2013_____

---

2       Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.